**In re William ALTON, Debtor.**

**Bankruptcy No. 85–3208.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Nov. 20, 1987.

**98**

Harley Riedel, Tampa, Fla., for debtor.

Louise Toole Ramsay, State of Florida, Dept. of Labor, Tallahassee, Fla., for movant.

## ORDER ON MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE

ALEXANDER L. PASKAY, Chief Judge.

This Chapter 11 case, instituted by William Alton (Debtor), presents a novel question for this Court's consideration. It involves the right of the State of Florida (State) to have an unpaid unemployment claim allowed and charged against the estate of the Debtor as a first priority claim pursuant to Sec. 507(a)(1) of the Bankruptcy Code. The underlying facts relevant and germane to the claim of the State are without dispute and are as follows:

The Debtor is an individual and was at the time pertinent a general partner of an entity, Madison Hotel Management, Ltd. (Madison Hotel), a limited partnership. In mid–1985, Madison Hotel filed its own voluntary petition for relief under Chapter 11. In due course it was authorized to continue to operate its one and only asset, a facility known as the Princess Martha Hotel located in St. Petersburg, Florida. The liability asserted by the State is for the unpaid unemployment tax incurred by Madison Hotel, and based on its failure to pay the appropriate unemployment tax for the fourth quarter of 1985 and the first and second quarters of 1986. The claim of the State is in the amount of $4,090.44. The Debtor, the general partner of Madison Hotel, subsequently filed his own voluntary petition for relief. The Chapter 11 case of the Madison Hotel was ultimately dismissed for its inability to effectuate a plan of organization, but the individual case of the Debtor is still pending.

It is the contention of the State that the Debtor as general partner of the Madison Hotel is legally liable for the debts of Madison Hotel, and since this liability is based on the unpaid unemployment taxes incurred post-petition by Madison Hotel and that of the Debtor, the debt is properly chargeable against the Debtor's estate pursuant to § 503(b)(1)(A) of the Bankruptcy Code and must be accorded administrative claim status pursuant to § 507(a)(1) of the Bankruptcy Code. Moreover, it is contended by the State that under applicable local law, Sec. 620.71, Fla.Stat., the partnership was automatically dissolved upon the commencement of a bankruptcy case, therefore, the partnership case of Madison Hotel was actually the Debtor's case, and thus he is not only vicariously, but primarily liable for unpaid unemployment taxes incurred originally by Madison Hotel. For this reason the unpaid unemployment taxes should be properly chargeable against his estate as costs of administration and paid as the first priority claim pursuant to Sec. 507(a)(1) of the Bankruptcy Code.

In opposing the claim of the State, the Debtor urges that while it is true that the Debtor is legally liable for the debts of the limited partnership by virtue of the fact that he was the general partner of Madison Hotel, these debts were not "necessary and reasonable expenses and costs of preserving the Debtor's estate" and for this reason, this debt would not qualify under § 503(b)(1)(A) as an administration expense of his estate and can not be paid as a first priority claim.

Unfortunately neither counsel for the State nor counsel for the Debtor have been able to present any controlling authorities on the subject and none of the authorities cited by both sides are very helpful and shed any light which would assist this Court to resolve the ultimate issue which is: Can a tax liability incurred by the partnership under Chapter 11 be charged as an administration expense pursuant to § 503(b)(1)(A) of the Bankruptcy Code against the estate of the general partner who is also a Chapter 11 Debtor.

The resolution of the question is not without difficulty especially in light of a dearth of any persuasive precedent, thus, one must analyze the legal character of the players and the nature of the liability represented by the unpaid employment taxes.

At the outset it must be pointed out, and it is without dispute for the purpose of bankruptcy administration, that a partnership is a separate entity, i.e., an entity separate and apart from its component parts, i.e., the general partner or partners and the limited partners. In re *Aboussie Bros. Const. Co.*, 8 B.R. 302 (Bankr.D.C. Mo.1981) While it is true that a general partner as noted earlier is legally liable for the debts of the partnership, this liability is only secondary, and the partnership which in fact incurred the indebtedness, in this case Madison Hotel, is the primary obligor. The question is, however, not whether or not the Debtor is liable for the taxes in question, but whether or not such liability could be charged against his estate as an actual and necessary cost and expense of preserving his estate. It might be argued that the estate of the Debtor includes his partnership interest. Thus, based on this argument, this tax obligation was incurred indirectly and in conjunction and preservation of his estate, i.e., his partnership interest in Madison Hotel and, therefore, as such, is properly chargeable as a cost of administration in his estate. The difficulty with this proposition should be evident if one considers the logic of the argument which, if accepted, would inevitably lead to the conclusion that all debts incurred by a partnership under Chapter 11 are properly chargeable as administrative expenses against the estate of the individual general partner. This result would inevitably lead to total frustration of the individual partner's ability to achieve reorganization. Moreover, as administrative expenses and priorities in general are narrowly construed, *see Trustees of the Amalgamated Insurance Fund v. McFarlin's, Inc.*, 789 F.2d 98 (Ct.App.2d Cir.1986), this Court is satisfied that Congress did not intend that an indirect expense such as the one incurred by the Debtor in this case should be given first priority status under § 507(a)(1) of the Bankruptcy Code.

Based on the foregoing, the Motion for Allowance of Administrative Expense should be denied. The claim of the State of Florida should be allowed, however, as a seventh priority pursuant to § 507(a)(7)(C) of the Bankruptcy Code.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Allowance of Administrative Expense be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the claim in the amount of $4,090.44 of the State of Florida be, and the same is hereby, allowed as an unsecured claim.