**In re CARDINAL INDUSTRIES, INC., and the following substantively consolidated subsidiaries:**

Cardinal Industries of Florida, Inc., Cardinal Industries of Georgia, Inc., Cardinal Industries Services Corporation, Cardinal Industries Mortgage Company, Cardinal Parts Service Company, Cardinal Lodging Group, Inc., Cardinal Apartment Management Group, Inc., Cardinal Industries Development Corporation, Cardinal Industries of Florida Services Corporation, Cardinal Industries of Georgia Services Corporation, Cardinal Furniture Leasing Company, Cardinal Retirement Management Group, Inc., Cardinal Acceptance Corporation, Maxim Building Corporation Inc., Cardinal Advisory Group, Inc., Columbus Construction, Inc., Cardinal Securities Corporation, Cardinal Manufacturing, Inc., Camden Development Corporation, Cardinal Compensation, Inc., Cardinal Regulatory of Kentucky, Inc., Cardinal Regulatory of Michigan, Inc., Cardinal Regulatory of West Virginia, Inc., Cardinal Land Corporation, Cardinal Community Corporation, Cardinal Industries Insurance Agencies, Inc., CII of Pennsylvania, Inc., Cardinal Industries of Texas, Inc., Cardinal Industries Development Corporation of Texas, Inc., Cardinal Realty Company, Cardinal Industries Realty Corporation.

Bankruptcy No. 2–89–02779.

United States Bankruptcy Court, S.D. Ohio, E.D.

July 16, 1992.

James R. Patterson, Patterson, Rouch & Lease, Columbus, OH, for Telerent Leasing Corp.

Marilyn Shea–Stonum, Fordham E. Huffman, Jones, Day, Reavis & Pogue, Columbus, OH, Michael L. Cook, Sally M. Henry, Skadden, Arps, Slate, Meagher & Flom, New York City, for trustee.

Jay Alix, Jay Alix & Associates, Southfield, MI, Chapter 11 Trustee.

Charles M. Caldwell, Asst. U.S. Trustee, Columbus, OH, Columbus Office of the United States Trustee for Region IX.

Leon Friedberg, Benesch, Friedlander, Coplan & Aronoff, Columbus, OH, for the Official Committee of Unsecured Creditors.

Harvey S. Minton, Minton & Leslie, Columbus, OH, Charles J. Taunt, Charles J. Taunt & Associates, Birmingham, MI, Gary H. Cunningham, Kramer Mellen, P.C., Southfield, MI, Sp. Counsel for Trustee of the Consol. Estate.

James Bownas, Legal Counsel, Cardinal Industries, Inc., Columbus, OH.

## OPINION AND ORDER ON MOTION TO RECLASSIFY CERTAIN CLAIMS (TELERENT LEASING CORPORATION)

BARBARA J. SELLERS, Bankruptcy Judge.

Jay Alix, the Chapter 11 operating trustee ("Trustee") for Cardinal Industries, Inc. ("Cardinal") and its substantively consolidated corporate subsidiaries has filed a motion seeking to reclassify certain claims as general unsecured claims. The claim at issue in this contested matter is that of Telerent Leasing Corporation ("Telerent").

Telerent's proof of claim in the amount of $4,468,739.71 asserts a priority unsecured status as an administrative expense pursuant to § 503(b)(1)(A) of the Bankruptcy Code. The Trustee seeks to classify Telerent's claim only as a general unsecured claim without priority. By agreement of the parties, this decision considers only the status of Telerent's claim. The amount of that claim will be determined later.

The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) which this bankruptcy judge may hear and determine.

### I. *Facts*

The parties have agreed to certain facts and other facts are uncontested.

Telerent's proof of claim, filed on October 2, 1989, is asserted for unpaid postpetition lease payments, taxes, attorney fees and costs, and an open account for parts and repairs. Such charges arise from Telerent's lease of televisions and related equipment to various limited partnerships ("Partnerships") of which Cardinal or one of its subsidiaries is the general partner. At the time of the leases the Partnerships owned and operated motels which provided the leased televisions for their guest rooms.

Cardinal filed its voluntary petition for relief under Chapter 11 on May 15, 1989. Subsequently, on November 20, 1989, Telerent and Cardinal Lodging Group, as agent for the Partnerships, entered into a modification agreement relating to the various leases ("the Modification"). The Modification set forth "terms of repayment of lease payments and other payments to Telerent." Cardinal Industries, Inc. and Cardinal Industries Services Corporation also executed the Modification for certain purposes specified therein. The obligations created by the Modification, however, generally flow between the Partnerships and Telerent.[1] The Modification was not approved by the Court. Telerent recognizes in its memorandum in support of its position that the leases affected by the Modification "were executed not by [Cardinal] on its own behalf, but rather by limited partnerships in which [Cardinal] served as general partner." At the time of the Modification, neither Cardinal Lodging Group nor Cardinal Industries Services Corporation were Chapter 11 debtors.

---

1. The modification agreement affected limited partnerships with and without existing leases with Telerent.

## II. *The Positions of the Parties*

Telerent's proof of claim states that "this is an 11 U.S.C. § 503(b)(1)(A) administrative expense priority claim." This contention is based upon the Modification executed by Cardinal postpetition and by two affiliated entities under certain represented authority to act on behalf of the Partnerships. Telerent contends that by continuing to lease televisions to the Partnerships after Cardinal filed its Chapter 11 petition, Cardinal's estate benefited from the Modification even if such benefit was indirect. Telerent contends that the leases affected by the Modification were essential both to the business operations of the Partnerships and to the economic survival of the Cardinal estate.

The Trustee contends that even if Cardinal benefited from the Modification, that benefit was too indirect or tenuous to give rise to a priority administrative expense under 11 U.S.C. § 503(b)(1)(A) in Cardinal's estate. The Trustee concludes that Telerent has not met its burden of proof and that whatever claim Telerent may have should be reclassified and allowed only as a general unsecured claim.

## III. *Issue Presented for Determination*

The only issue presently before the Court is whether the claim asserted by Telerent against the Cardinal estate is entitled to priority as an administrative expense pursuant to 11 U.S.C. § 503(b)(1)(A).

## IV. *Conclusions of Law*

### A. Procedural Posture and Burden of Proof

■ Section 503(a) of Title 11, United States Code, provides that "an entity may file a request for payment of an administrative expense." The Trustee correctly asserts that filing a proof of claim is not the appropriate method to request an administrative expense. *See generally, In re Packard Properties Ltd.*, 118 B.R. 61, 63 (Bankr.N.D.Tex.1990). The Trustee agrees, however, to treat Telerent's proof of claim as a request for an administrative expense so long as the burden of proof is on Telerent in the same manner it would have been had the correct procedure been followed.

■ A filed proof of claim constitutes "prima facie evidence of the validity and amount of the claim." Fed.R.Bankr.P. 3001(f). Although the ultimate burden of proof remains on the claimant, an objecting party must first produce sufficient evidence to overcome the presumption created by Fed.R.Bankr.P. 3001(f). *In the Matter of Unimet Corporation*, 74 B.R. 156, 165 (Bankr.N.D.Ohio 1987). The *prima facie* effect does not extend to the status of the claim. Therefore, a party requesting an administrative expense under 11 U.S.C. § 503(b)(1)(A) must show entitlement to such priority status by a preponderance of the evidence without presumptive validity for the status asserted. *See In the Matter of Patch Graphics*, 58 B.R. 743, 745 (Bankr.W.D.Wis.1986).

■ Thus, even though Telerent requested allowance of an administrative expense through a proof of claim, Telerent is not entitled to any presumption for its asserted status of administrative expense priority.

### B. Entitlement to Administrative Expense Priority Under 11 U.S.C. § 503(b)(1)(A)

■ An administrative expense is allowed and entitled to priority only for "the actual, necessary costs and expenses of preserving the estate, ..." 11 U.S.C. § 503(b)(1)(A). The United States Court of Appeals for the Sixth Circuit has adopted the following two-part test to determine whether a claim qualifies as an administrative expense: (1) the debt must arise "from a transaction with the debtor-in-possession" and (2) the debt must provide a direct and substantial benefit to the estate. *Employee Transfer Corporation v. Grigsby (In re White Motor Corporation)*, 831 F.2d 106, 110 (6th Cir.1987). If the claimant establishes both elements by a preponderance of the evidence, the allowed administrative expense receives priority for payment under 11 U.S.C. § 507(a)(1) ahead of other unsecured priority claims and general unsecured claims.

■ The requirement that the benefit be "direct and substantial" reflects the statutory intent that only those expenses which "preserve" the estate be allowed as administrative expenses. Additionally, requests for administrative expenses are subject to "strict scrutiny" by the court. *Patch Graphics,* 58 B.R. at 745. This strict scrutiny ensures that administrative expenses are kept to a minimum "and thereby further the Debtor's rehabilitation." *Grantham v. Eastern Marine, Inc.,* 93 B.R. 752, 754 (Bankr.N.D.Fla.1988).

C. Application of The Standards to Telerent's Request for Administrative Expense Priority.

■ Neither party addresses the first prong of *White Motor's* test that the transaction be between a debtor in possession and the claimant. 831 F.2d at 110. Each party, however, relies upon the Modification as the basis for any administrative expense to which Telerent may be entitled. Because the Court finds that Telerent has failed to show a direct and substantial benefit to the Cardinal estate and thereby has failed to meet the second prong of the *White Motor* test, the Court need not address the first prong.

Telerent has failed to establish any benefit to the Cardinal estate from the Modification beyond a potential indirect or tenuous benefit to the Partnerships from the continued leasing of television sets and equipment. Telerent offered no evidence to support its allegation that "the leasing of television sets to the limited partnerships controlled by CII was a necessary (in fact, indispensable) expense of keeping the CII estate intact." (Telerent's Memorandum of Law p. 3).

Administrative expenses are disfavored and are subject to close examination by the Court. The only evidence offered by these parties is contained in the joint stipulations of facts. Nothing in those stipulations supports Telerent's bare assertion that Cardinal's estate "directly and substantially" benefited from television sets and equipment leased to the Partnerships by Telerent. Probably, such determination should

have been sought in connection with the execution of the Modification. In short, Telerent has completely failed its burden of proof.

The Trustee further seeks a ruling that, as a matter of law, a postpetition debt of a partnership cannot be an administrative expense priority in that partnership's general partner's bankruptcy case. Such a holding would extend the decision of *In re Alton,* 81 B.R. 97 (Bankr.M.D.Fla.1987), a case seemingly "on all fours" with the issue presently before this Court. In *Alton* the Chapter 11 debtor was the general partner of a limited partnership which was also a Chapter 11 debtor. Upon dismissal of the limited partnership case, the State of Florida asserted an administrative expense in the general partner's case for unpaid postpetition unemployment taxes incurred by the limited partnership. *See Alton,* 81 B.R. at 98.

The Florida court recognized that the general partner was liable for the unpaid taxes of the limited partnership. The court also recognized that it was presented with a "novel question." *Alton,* 81 B.R. at 98. The court focused on the tenuous benefit to Alton's estate and held that "Congress did not intend that an indirect expense such as the one incurred by the Debtor in this case should be given first priority status under § 507(a)(1) of the Bankruptcy Code." *Alton,* 81 B.R. at 99. The court reasoned that a different result "would inevitably lead to the conclusion that all debts incurred by a partnership under Chapter 11 are properly chargeable as administrative expenses against the estate of the individual general partner." *Alton,* 81 B.R. at 99.

■ This Court is not persuaded that the fear expressed in *Alton* leads to the conclusion that, as a matter of law, debts cannot be priority administrative expenses in a general partner's case. The test for priority as an administrative expense provides ample protection against the "inevitable conclusion" feared by the court in *Alton.* Under the *White Motor* test, a party seeking priority for an administrative expense must show a direct and substantial benefit to the estate against

which the priority is asserted. The focus is on the benefit to the estate rather than on the identity of the primary obligor. Benefit to the estate, therefore, is a question of fact and not merely a question of law. Accordingly, the Court will not extend the *Alton* holding as requested under the facts of this contested matter.

### V. *Conclusion*

Based upon the foregoing, the Court finds that Telerent has failed to establish any benefit, and certainly no "direct and substantial" benefit to the Cardinal estate from the Modification. Therefore, Telerent's request for the allowance of an administrative expense under 11 U.S.C. § 503(b)(1)(A) is denied.

IT IS SO ORDERED.