**In re Bruce G. FELLAND, Debtor.**

**Bankruptcy No. MM7–85–00519.**

United States Bankruptcy Court,
W.D. Wisconsin.

April 15, 1993.

---

David A. Lange, Wisconsin Dept. of Revenue, Madison, WI, for Wisconsin Dept. of Revenue.

Michael E. Kepler, Kepler & Peyton, Madison, WI, Trustee.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Chief Judge.

The issue in this case is whether corporate sales taxes and responsible person withholding taxes are entitled to administrative expense status in an individual debtor's bankruptcy case. The parties have stipulated to the relevant facts and have submitted briefs in support of their positions. As there are no material facts in dispute, the matter is ripe for summary judgment. *See* FRBP 7056.

The debtor, Bruce G. Felland ("Felland") filed a petition under Chapter 11 of the Bankruptcy Code on April 29, 1985, which case was converted to Chapter 7 on May 26, 1989. During the Chapter 11 case, Felland continued to operate two corporations, Northgate Lanes Corporation ("Northgate") and Global Investors, Inc. ("Global"). In both corporations, Felland was responsible for collecting withholding taxes from the employees. Felland was also the party responsible for paying Northgate's corporate sales tax. The sales tax permit was in Northgate's name and not in Felland's individual name.

The Wisconsin Department of Revenue ("Department") filed a proof of claim against Felland's estate on August 14, 1989 in the amount of $6,614.82.[1] The Chapter 7 trustee and the Department agree that $83.55, representing postpetition income taxes for 1985 and 1986, is an administrative expense pursuant to § 503(b)(1)(B) and § 507(a)(1) and $32.31, representing prepetition income tax for 1984, is a priority claim pursuant to § 507(a)(7). The parties further agree that $437.75, representing the penalty portion of the claim, is allowable pursuant to § 726(a)(4).

The parties dispute, however, the classification of the remaining $3,857.78, consisting of a sales tax component and a withholding component. The sales tax component of $1,631.05 and interest of $645.04 arose when postpetition, Felland willfully failed to pay Northgate's corporate sales tax to the Department. The withholding

---

1. In their stipulated facts, the parties state that "[a]djustments made require the amount of the claim to be reduced." Stipulation As To Facts ¶ 1.

component of the claim totaling $1,581.69 [2] arose from postpetition withholding liability for employees of Northgate and Global.

■ The Department claims that the $3,857.78 is entitled to administrative expense status pursuant to § 503(b)(1)(B) and § 507(a)(1). Conversely, the Chapter 7 trustee argues that the claim is only entitled to priority status pursuant to § 507(a)(7). Section 503(b)(1)(B) provides in relevant part:

(b) After notice and a hearing, there shall be allowed administrative expenses ... including—

(1)(B) any tax—

(i) incurred by the estate, except a tax of a kind specified in section 507(a)(7) of this title;

11 U.S.C. § 503(b)(1)(B). Section 507 provides in relevant part:

(a) The following expenses and claims have priority in the following order:

(1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28.

.    .    .    .    .

(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity;

11 U.S.C. § 507(a).

Although not clearly stated in the stipulated facts, the parties do not dispute that Felland is personally liable for Northgate's sales and the corporations' withholding taxes. Pursuant to § 77.60(9),[3] an individual responsible for paying corporate sales tax who willfully fails to pay is liable "if that corporation is unable to pay such amounts to the department." In their stipulated facts, the parties do not state whether Northgate is unable to pay the tax or whether the Department has personally assessed Felland for the tax. However, in its brief, the Department states that Felland was personally assessed for Northgate's tax debt. Department's Brief at 3. Moreover, although the trustee disputes whether Felland is primarily or derivatively liable, he does not dispute that Felland is liable. *See* Trustee's Reply Brief at 1 (stating, "Felland's liability arose only upon default of another entity which had the primary responsibility for the payment of the taxes"). Pursuant to § 71.83(1)(b),[4] Felland's failure to pay the corporations' withholding taxes renders him liable for an amount equal to the amount not paid to the Department. Again, although the parties dispute whether Felland is primarily or derivatively liable for his failure to withhold and pay these taxes to the Department, the

---

**2.** The withholding component of the Department's claim of $1,581.69 is comprised of $379.27, $920.82 and $281.60. Stipulation As To Facts, ¶ 8.

**3.** Subchapter III of chapter 77 of the Wisconsin statutes governs general sales and use taxes. Wis.Stat. § 77.60(9) states in relevant part that: Any officer or employe of any corporation subject to this subchapter or other person who has responsibility for making payment of the amount of tax imposed under this subchapter and who wilfully fails to make such payment to the department shall be personally liable for such amounts, including interest and penalties thereon, if that corporation is unable to pay such amounts to the department.... Such personal liability may be assessed by the department against such officer, employe or other responsible person pursuant to this subchapter....

Wis.Stat. § 77.60(9).

**4.** Chapter 71 of the Wisconsin statutes governs income and franchise taxes. Section 71.83(1)(b) states in relevant part that:

2. Withholding.... Any person required to withhold, account for or pay over any tax imposed by this chapter ... who intentionally fails to withhold such tax, or account for or pay over such tax, shall be liable to a penalty equal to the total amount of the tax not withheld, collected, accounted for or paid over. "Person", in this subdivision, includes an officer or employe of a corporation or other responsible person ... who, as such officer, employe, member or other responsible person, is under a duty to perform the act in respect to which the violation occurs.

Wis.Stat. § 71.83(1)(b).

parties agree that Felland is liable in some capacity.

To be entitled to administrative expense priority, the taxes must fall within the language of § 503(b)(1)(B) which requires that the tax be "incurred by the estate." Although this language is typically invoked to distinguish prepetition claims from postpetition claims, it may also be interpreted to distinguish taxes incurred by the individual debtor from taxes incurred by the debtor in possession through his administration of the bankruptcy estate. For example, in discussing the relationship of § 502(i) with § 503(b)(1)(B), one commentator states that "... a tax arising after a petition is entitled to the 11 USC § 507(a)(7) priority only insofar as it is based on prepetition or postpetition activities by a debtor. Insofar as such tax is entirely based on postpetition activities by a debtor in possession or trustee and arises after the petition, it is an administrative claim." 1 Ginsberg & Martin, *Bankruptcy: Text, Statutes, Rules*, § 10.08[p] at 10–70 n 308 (Prentice Hall, 3d Ed 1992). In discussing § 503(b)(1) in general, and not subsection (B) in particular, the commentator states that: "[t]he requirement that the claim be against the estate means that postpetition claims against the trustee arising from activities in administering the estate qualify, while the claims arising against the debtor personally after a petition is filed do not qualify unless the debtor is administering the estate as a debtor in possession." *Id.* § 10.11[f] at 10–103. The legislative history for § 503(b)(1)(B) further supports the interpretation that the tax must be incurred in the operation of the debtor's estate:

> In general, administrative expenses include taxes which the trustee *incurs in administering the debtor's estate*, including taxes on capital gains from sales of property by the trustee and taxes on income earned by the estate during the case.

S.Rep. No. 95–989 to accompany S. 2266, 95th Cong., 2d Sess. 66 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5852 (emphasis added).

Apart from stating Felland's responsibility vis-à-vis the corporate sales and withholding taxes, the parties do not volunteer Felland's relationship or interest in Northgate and Global. Felland's interest—whatever it may be—in the corporations is assumably part of his bankruptcy estate pursuant to § 541. Nonetheless, the corporations are separate legal entities and as such, are not a part of the estate. Any sales or withholding tax incurred in the operation of the corporations does not become a tax incurred in the administration of Felland's bankruptcy estate by virtue of Felland's personal liability for the taxes. Although the bankruptcy estate may have received some benefit from Felland's relationship to the corporations, the link between that benefit and the administration of Felland's estate is too tenuous to impose an administrative expense on the estate for the sales and withholding taxes.

The case of *In re Alton*, 81 B.R. 97 (Bankr M.D.Fla.1987) supports the proposition that Felland's bankruptcy estate did not incur the corporate sales and withholding taxes. In *Alton*, the court addressed whether a tax liability incurred postpetition by a partnership under Chapter 11 may be charged as an administrative expense pursuant to § 503(b)(1)(A) against the estate of the general partner who was also a Chapter 11 debtor. After dismissal of the partnership's case, the state asserted a claim against the partner in his individual case for the unpaid unemployment tax incurred by the partnership. *Id.* at 98. Finding a paucity of legal authority, the court analyzed "the legal character of the players and the nature of the liability represented by the unpaid employment taxes." *Id.* at 99. The court noted that a partnership is a separate legal entity and that a general partner's liability for partnership debts is secondary. *Id.* If the debtor's estate included his partnership interest, arguably the tax obligation was incurred in conjunction and preservation of property of the estate, and thus could be charged as an administrative expense. *Id.* The court found that under this line of reasoning, administrative expense priority could be allowed in an individual case for all debts

incurred by a partnership under Chapter 11. Unwilling to reach such a result, the court concluded:

> This result would inevitably lead to total frustration of the individual partner's ability to achieve reorganization. Moreover, as administrative expenses and priorities in general are narrowly construed, ... this Court is satisfied that Congress did not intend that an indirect expense such as the one incurred by the Debtor in this case should be given first priority status under § 507(a)(1) of the Bankruptcy Code.

*Id.* (citation omitted). Accordingly, the court allowed the claim under § 507(a)(7)(C). *Id.*

Although not directly on point, the *Alton* case is analogous to this case. Like the debtor in *Alton* who, as a general partner, was secondarily liable for the debts of the partnership, Felland is liable for the corporations' sales and withholding taxes. With respect to Northgate's sales tax, Felland's liability did not arise under Wis.Stat. § 77.60(9) until Northgate was found unable to pay the tax. Additionally, Felland's liability for the penalty under § 71.83(1)(b) arose upon the corporations' failure to pay the withholding taxes. In both *Alton* and this case, business entities incurred taxes in the first instance which imposed liability on the individual debtors upon the entities' failure to pay those taxes.

The *Alton* case addressed administrative expense priority under § 503(b)(1)(A), which focuses on "actual and necessary costs and expenses of preserving the estate," rather than § 503(b)(1)(B) which concerns "any tax incurred by the estate." Despite this difference, the "preserving the estate" language in § 503(b)(1)(A) serves a similar purpose as the "incurred by the estate" language in § 503(b)(1)(B). Both phrases require that the claim be against the bankruptcy estate. Indeed, the "incurred by the estate" language is arguably more stringent than the "preserving the estate" language which the *Alton* court found did not encompass the debtor's partnership tax liability.

The sales and withholding taxes are entitled to priority status under § 507(a)(7)(C). The legislative history for § 507(a)(7)(C) states in part:

> This category also covers the liability of a responsible corporate officer under the Internal Revenue Code for income taxes or for the employees' share of employment taxes which, under the tax law, the employer was required to withhold from the wages of employees. This priority will operate where a person found to be a responsible officer has himself filed a petition under title 11, and the priority covers the debtor's liability as an officer under the Internal Revenue Code, regardless of the age of the tax year to which the tax relates.

S.Rep. No. 95–989 to accompany S. 2266, 95th Cong., 2d Sess. 71 (1978) U.S.Code Cong. & Admin.News 1978, p. 5857. The Department argues that, because § 507(a)(7)(C) does not encompass postpetition tax debt, § 503(b)(1)(B)(i) becomes the appropriate section to apply. The trustee contends that because subsection § 507(a)(7)(C), unlike the other subsections of § 507(a)(7), imposes no time limit on tax obligations that are entitled to priority, it encompasses postpetition tax obligations.

Courts generally state that § 507(a)(7)(C) governs prepetition liabilities. *See, e.g., In re Major Dynamics, Inc.,* 897 F.2d 433, 436 (9th Cir.1990) ("The phrase 'for which the debtor is liable' in section 507(a)(7)(C) refers to *pre*-petition liabilities") (citing *United States v. Friendship College Inc.,* 737 F.2d 430, 432 (4th Cir.1984); *Matter of Lumara Foods of America, Inc.,* 50 B.R. 809, 814 (Bankr N.D.Ohio 1985); *In re Carlisle Court, Inc.,* 36 B.R. 209, 216 (Bankr D.Columbia 1983). Likewise, one commentator notes:

> [T]his provision [§ 507(a)(7)] deals directly only with the priority of prepetition tax claims; apparently postpetition tax claims against the estate—that is, those based on postpetition activities of the trustee or debtor in possession, as opposed to those assessed after a petition but based on prepetition activities—are entitled to be treated as first priority administrative expenses.

**840**

1 Ginsberg & Martin, *Bankruptcy: Text, Statutes, Rules,* § 10.11[1] at 10–111 (Prentice Hall, 3d Ed 1992). Nonetheless, under § 502(i), a tax claim that arises postpetition, but which would be a priority tax claim had it arisen prepetition, is deemed a prepetition claim entitled to priority under § 507(a)(7). *See id.* § 10.08[p] at 10–70; *In re Carlisle Court, Inc.,* 36 B.R. 209, 217 (Bankr D.Columbia 1983) ("To the extent that a tax claim merely arises after commencement of the case, is a tax within the defined parameters of § 507(a)(6) [now § 507(a)(7)], and is *not* incurred by the estate, as is required by § 503(b)(1)(B) then it is properly relegated to a pre-petition status under 502(i)") (emphasis in original) (footnotes omitted). While § 502(i) is usually invoked to afford priority status to tax claims which are based on prepetition activities that are assessed postpetition, the section appears to apply to this case as well.

■ Felland's tax liability also falls within § 507(a)(7)(C) by operation of the case conversion. Section 348 governs the effect of conversion and provides:

> (d) A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112, 1307, or 1208 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.

11 U.S.C. § 348(d). Because the tax obligation was not an administrative expense claim in the Chapter 11 case, it is deemed a prepetition claim subsequent to the conversion by operation of § 348(d). As a prepetition claim, it is entitled to priority under § 507(a)(7)(C).

For the foregoing reasons, the trustee's objection to the Department's proof of claim is sustained.

### ORDER

The court having this day entered its Memorandum Decision in the above-entitled matter;

IT IS HEREBY ORDERED that the Chapter 7 trustee's objection to the claim of the Wisconsin Department of Revenue is sustained.

IT IS FURTHER ORDERED that the claim of $3,857.78 for corporate sales and withholding taxes filed by the Wisconsin Department of Revenue is entitled to priority pursuant to § 507(a)(7)(C).