**In re Freida G. RAINEY, Debtor.**

**No. 7–95–03185–WSA.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Jan. 30, 2001.

---

Thomas C. Antenucci, Copeland, Molinary & Bieger, Abingdon, VA, for Debtor.

Robert E. Wick, Bristol, VA, trustee.

Gina Baker Hantel, Esq., Nashville, TN, Becky L. Miner, Esq., McLean, VA, for State of Tennessee Tax Dept.

## MEMORANDUM OPINION

WILLIAM F. STONE, Jr., Bankruptcy Judge.

The issue before this Court is whether the claims of the State of Tennessee Commissioner of Revenue ("Commissioner") for corporate sales and use tax for which the Debtor, Freida G. Rainey, is personally liable by application of the State of Tennessee's "responsible person" statute, Tenn.Code Ann. § 67–1–1443, are entitled to administrative expense priority in the Debtor's personal bankruptcy case pursuant to 11 U.S.C. § 503(b)(1)(B) and § 507(a)(1) or are to be treated as unsecured claims entitled only to the priority afforded them pursuant to 11 U.S.C. § 507(a)(8).

## STATEMENT OF FACTS

The Debtor, Freida G. Rainey, filed a petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, on November 29, 1995, which was converted to Chapter 7 on May 26, 1998. Prior and subsequent to her Chapter 13 filing, the Debtor was a corporate officer of *Red Flame Enterprises, Incorporated,* a corporation duly incorporated under the laws of the State of Tennessee. As such, the Debtor is a "responsible person" as defined by Tenn.Code Ann. § 67–1–1443 and is personally liable for unpaid sales and use tax incurred (1) during the pendency the Chapter 13 petition, and (2) after conversion of the Debtor's case to Chapter 7.

The Commissioner filed two proofs of claim against the Debtor's bankruptcy estate on June 24, 1998, asserting administrative expense claims for post-petition sales and use tax incurred by the corporation for which the Debtor is personally liable. The first claim, in the amount of $78,257.17, was for sales and use tax incurred by the corporation during the pendency of the Debtor's Chapter 13 petition. The second claim, in the amount of $1,901.30, was for sales and use tax in-

curred by the corporation during the pendency of the Debtor's Chapter 7 petition. The Chapter 7 Trustee, Robert E. Wick, Esq., ("Trustee") objected to both proofs of claim and denies the entitlement of such claims to administrative expense status.

The Commissioner contends that its claims are entitled to administrative expense status pursuant to § 503(b)(1)(B) and § 507(a)(1). Conversely, the Trustee argues that the claims are only entitled to priority status pursuant to § 507(a)(8). Section 503 provides in relevant part:

> (b) After notice and hearing, there shall be allowed administrative expenses ... including—
>
> (1)(B) any tax—
>
> (i) incurred by the estate, except a tax of the kind specified in section 507(a)(8) of this title;

11 U.S.C. § 503(b)(1)(B). Section 507 provides in relevant part:

> (a) The following expenses and claims have priority in the following order:
>
> (1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28.
>
> *　　*　　*　　*　　*　　*
>
> (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—
>
> (C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity.

11 U.S.C. § 507(a).

## CONCLUSIONS OF LAW

I. *Debtor is personally liable for the corporation's sales and use taxes.*

Although not clearly stated in his brief before this Court, the Trustee does not dispute the Commissioner's contention that the Debtor is personally liable for the corporation's sales and use tax. Section § 67–1–1443 of the Tennessee Code states in relevant part:

> (a) Any person required to collect, truthfully account for, and pay over any tax collected from customers of any taxpayer, who willfully fails to truthfully account for and pay over any such tax collected, or who willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable for the total amount of the tax evaded, or not accounted for and paid over, along with penalties and interest.
>
> (b) As used in this section:
>
> (1) "Person" includes an officer or employee of a corporation, who as such officer or employee is under a duty to perform the act in respect of which the violation occurs;

Tenn.Code Ann. § 67–1–1443. The corporation's failure to pay its sales and use tax rendered the Debtor, as an officer of the corporation, liable for an amount equal to the amount of tax not paid by the corporation to the Commissioner in violation of Tenn.Code Ann. §§ 67–4–220, 67–6–504, 67–6–517, and 67–4–1601.

II. *Neither of the Commissioner's claims for sales and use tax is entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(1)(B).*

■ To be entitled to administrative expense priority, taxes must satisfy the language of Bankruptcy Code § 503(b)(1)(B) which requires that the taxes be "incurred by the estate." This Court agrees with the authorities cited by the Commissioner that this language is generally invoked to distinguish prepetition claims from postpetition claims. Additionally, this Court does not dispute that postpetition sales and use tax liabilities may well be an administrative expense in the bankruptcy case of the party that originally incurs the liability for the payment of that tax. *See U.S. v. Friendship College, Inc.,* 737 F.2d 430, 431–32 (4th Cir.1984) (postpetition trust fund tax incurred by debtor-in-possession while operating under

Chapter 11 entitled to administrative expense status). However, this Court rejects the apparent assumption of the Commissioner that the State of Tennessee's "responsible person" statute, Tenn. Code. Ann. § 67–1–1443, transforms what would be an administrative expense in the corporation's bankruptcy during the time that it operated while in bankruptcy, into an administrative expense in this Debtor's personal bankruptcy. The same language of Bankruptcy Code § 503(b)(1)(B) that the Commissioner relies upon for support of its contention that postpetition trust fund tax liabilities are entitled to administrative expense status as they are "incurred by the estate", sets forth a second requirement for taxes to be administrative expenses—that not only must the tax be incurred postpetition, but it must also be incurred "by the estate" itself, and not a corporation owned by a debtor or a debtor himself. While the Debtor's interest in the now-defunct corporation, whatever it may be, is presumably part of the Debtor's bankruptcy estate pursuant to Bankruptcy Code § 541, at the time the sales and use taxes were incurred the corporation was a separate legal entity and as such would not have ever been and is not now part of the bankruptcy estate. Any sales or use tax incurred in the operation of the corporation does not become tax incurred in the administration of the Debtor's individual bankruptcy estate by virtue of the Debtor's personal liability for that tax. *In re Felland*, 153 B.R. 835, 838 (Bankr. W.D.Wis.1993) ("Although the bankruptcy estate may have received some benefit from [the debtor's] relationship to the corporations, the link between that benefit and the administration of [the debtor's] estate is too tenuous to impose an administrative expense on the estate for the sales and withholding taxes"); *see also In re Alton*, 81 B.R. 97 (Bankr.M.D.Fla.1987)

(Florida tax liability of limited partnership incurred while in Chapter 11 disallowed as administrative claim against separate Chapter 11 estate of the limited partnership's general partner).

III. *Claim for sales and use tax incurred by the corporation during the pendency of the Debtor's Chapter 13 petition is deemed a prepetition claim under § 348 of the Bankruptcy Code and as such is entitled to eighth priority pursuant to 11 U.S.C. § 507(a)(8)(C).*

■ Although not entitled to administrative expense status, the Commissioner's claim for sales and use tax incurred during the pendency of the Debtor's Chapter 13 petition, for which the Debtor is personally liable, is entitled to the priority status provided it by Bankruptcy Code § 507(a)(8)(C). Although the Commissioner contends that Bankruptcy Code § 503(b)(1)(B) must apply because § 507(a)(8) cannot, as it does not encompass postpetition tax liabilities, the Commissioner fails to take into account the application of Bankruptcy Code § 348(d) which provides that the Commissioner's claim be treated as a prepetition claim due to the conversion of the Debtor's case to Chapter 7. Bankruptcy Code § 348(d) provides:

A claim *against the estate or the debtor* that arises after the order for relief but before conversion in a case that is converted under section .. 1307 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition. (underlining added).

11 U.S.C. § 348(d).[1] Although the Commissioner's proof of claim was not filed until after the conversion of the Debtor's case to Chapter 7, the tax at issue was incurred by the corporation during the

---

**1.** The claim of the Commissioner for tax incurred during the pendency of the Debtor's Chapter 13 petition does not fall within the exception contained in Bankruptcy Code § 348(d) for claims specified in 11 U.S.C.

§ 503(b) because the claim is not a claim for tax "incurred by the estate" as required by the language of § 503(b)(1)(B). Section II, supra.

pendency of the Chapter 13 case and therefore, arose after the order for relief[2] but before conversion of the case. Accordingly, in light of the conversion of the Debtor's case to Chapter 7, the Commissioner's claim for sales and use tax incurred during the pendency of the Debtor's Chapter 13 case is to be treated as a prepetition tax claim which by the language of Bankruptcy Code § 507(a)(8)(C) is entitled only to the eighth priority granted it by that section.[3] In support of this conclusion, this Court notes the legislative history of § 507(a)(7)(C), now § 507(a)(8)(C), which provides in part:

> This category also covers the liability of a responsible corporate officer under the Internal Revenue Code ... This priority will operate where a person found to be a responsible officer has himself filed a

petition under title 11, and the priority covers the debtor's liability as an officer under the Internal Revenue Code, regardless of the age of the tax year to which the tax relates.

S.Rep. No. 95–989, at 71 *reprinted in* 1978 U.S.C.C.A.N. 5787, 5857.[4]

IV. *Claim for sales and use tax incurred by the corporation during the pendency of the Debtor's Chapter 7 petition is neither a postpetition claim against the bankruptcy estate entitled to administrative expense status nor even a claim against the bankruptcy estate and, accordingly, is disallowed in the Debtor's bankruptcy case.*

 Because the Commissioner's claim for sales and use tax incurred during the

---

**2.** Section 301 of the Bankruptcy Code provides that the commencement a voluntary case, including a Chapter 13 case, constitutes an order for relief. 11 U.S.C. § 301.

**3.** Although similar in effect, Bankruptcy Code § 1305(a)(1) and (b) do not appear to apply to the facts of the case at hand. Bankruptcy Code § 1305(a) provides in relevant part that, "[a] proof of claim may be filed by an entity that holds a claim against the debtor—(1) for taxes that become payable to a government unit while the case is pending ..." If such a proof of claim is filed, § 1305(b) provides that such claim:

> ... shall be allowed or disallowed under section 502 of this title, but shall be determined as of the date such claim arises, and shall be allowed under section 502(a), 502(b), or 502(c) of this title, or disallowed under section 502(d) or 502(e) of this title, the same as if such claim had arisen before the date of filing of the petition.

11 U.S.C. § 1305(b). While on a first reading, the application of this section to the case at hand would appear to deem the Commissioner's claim for taxes incurred during the pendency of the Debtor's Chapter 13 petition a prepetition claim, the language of § 1305(a)(1) is permissive and only states that a "proof of claim may be filed." Such permissive filing is provided for so as to allow a postpetition tax claimant to evaluate the benefit or risk of filing the proof of claim, so that the claim can be provided for and discharged by a debtor's Chapter 13 plan, or not filing the claim, thereby retaining the right to en-

force the claim against the debtor, as the claim would be discharged in the Chapter 13 proceeding. 8 Collier on Bankruptcy ¶ 1305.03[3] (15th ed. rev.). In the instant case, the Commissioner did not opt to file its proof of claim during the pendency of the Chapter 13 petition and did so only after conversion of the Debtor's case to Chapter 7. This being the case, it cannot be said that the Commissioner, in filing its proof of claim, sought to utilize the permissive provision of § 1305(a)(1), but instead sought to ensure that its claim would be provided for in the distribution of the Chapter 7 bankruptcy estate. Accordingly, to apply § 1305(a)(1) and (b) to the Commissioner's claim, so as to render it a prepetition claim, would appear to be contrary to the intended purpose of the provisions.

**4.** The Internal Revenue Code's "responsible person" statute, 26 U.S.C. § 6672 is substantially similar to the state statute relied upon by the Commissioner. Internal Revenue Code § 6672(a) states in relevant part:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a).

pendency of the Debtor's Chapter 7 petition is neither a postpetition claim entitled to administrative expense priority, as discussed above, nor a prepetition claim, the Commissioner's claim is not a claim recognized for purposes of this bankruptcy case. A claim arising postpetition but not entitled to administrative expense priority [or treated as a prepetition claim pursuant to Bankruptcy Code § 348(d) discussed above] is simply not an allowable claim asserted against the bankruptcy estate for purposes of distribution. 4 Collier on Bankruptcy ¶ 502.10[2] (15th ed. rev.).

## CONCLUSION

For the foregoing reasons, and by Order of this Court entered contemporaneously herewith:

1) The Trustee's Objections to Claim # 15 and Claim # 16 of the State of Tennessee Commissioner of Revenue shall be sustained;

2) Claim # 15 shall be disallowed as an administrative expense claim but allowed as a claim entitled to such priority as 11 U.S.C. § 507(a)(8)(C) may entitle it to receive; and

3) Claim # 16 shall be disallowed.

The Clerk is hereby directed to serve copies of this Memorandum Opinion and the Order entered contemporaneously herewith upon the parties pursuant to the terms of such Order.