In re BANCROFT LAUNDRY
CENTER, INC., Debtor.

**Bankruptcy No. 92–32241.**

United States Bankruptcy Court,
N.D. Ohio W.D.

Jan. 18, 1994.

Raymond L. Beebe, Toledo, OH, for debtor.

Louis J. Yoppolo, Toledo, OH, Trustee.

Amy Leizman, U.S. Trustee, Cleveland, OH.

## *MEMORANDUM OPINION AND ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearing on US Trustee's Motion for Amended Order for Payment of Fees/Expenses. At the Hearing, the parties were afforded the opportunity to present evidence which they wished the Court to consider in reaching its decision. The Court has reviewed the pleadings as well as the entire record in the case. Based upon that review, and for the following reasons, the Court finds that the US Trustee's Motion should be Granted; and that the

US Trustee fees which were incurred in the Chapter 11 case prior to conversion to a Chapter 7 case, should be given the same priority as and paid pro rata with the Chapter 7 administrative expense claims.

## FACTS

On May 6, 1993, Louis Yoppolo, Trustee (hereafter "Trustee") filed a Conditional Request for Payment of Fees and Expenses. The US Trustee subsequently filed a Claim for Statutory Expenses totalling One Thousand and 00/100 Dollars ($1,000.00). Upon filing of the Trustee's Final Report, the Court conducted a Hearing on the Applications of the Trustee and US Trustee. At the Hearing, the Court Ordered the payment of the Trustee's fees totalling Three Hundred Five and 84/100 Dollars ($305.84). After the issuance of an Order for Payment of Fees and Expenses by the Court, the Court conducted a Hearing on the US Trustee's Motion for Amended Order for Payment of Fees and Expenses in the amount of Two Hundred Thirty Four and 21/100 Dollars ($234.21).

## LAW

11 U.S.C. § 503(b) reads as follows:

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including:

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for service rendered after the commencement of the case:

11 U.S.C. § 507(a)(1) reads as follows:

(a) The following expenses and claims have priority in the following order:

(1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28.

Chapter 123, 28 U.S.C. § 1930(a)(6) reads as follows:

(a) Notwithstanding section 1915 of this title, the parties commencing a case under title 11 shall pay to the clerk of the court ... the following filing fees:

(6) In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until a plan is confirmed or the case is converted or dismissed, whichever occurs first. . . .

11 U.S.C. § 726(b) reads as follows:

(b) Payment on claims of a kind specified in paragraph (1), (2), (3), (4), (5), (6) or (7) of section 507(a) of this title, or in paragraph (2), (3), (4), or (5) of subsection (a) of this section, shall be made pro rata among claims of the kind specified in each such particular paragraph, except that in a case that has been converted to this chapter under section 1112, 1208 or 1307 of this title, a claim allowed under section 503(b) of this title incurred ... under another chapter of this title or under this chapter before such conversion and over any expenses of a custodian superseded under section 543 of this title.

## DISCUSSION

There is no dispute regarding the validity of the US Trustee's request for payment of statutory fees under Section 1930(a)(6). The only issue is whether payment of the US Trustee's Section 1930(a)(6) fees accrued during the pendency of the Chapter 11 case should be given the same priority as the Chapter 7 administration expense claims.

■ Since the sole issue concerns the administration of the estate and the allowance or disallowance of claims against the estate, this case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

■ Section 507(a)(1) of the Bankruptcy Code makes a distinction between administrative fees under Section 503(b) and the fees charged against the estate under Chapter 123. This Court interprets that distinction to mean that Section 507(a)(1) grants the same priority to those administrative expenses allowed under Section 503(b) and the fees charged against the estate pursuant to Section 1930(a)(6).

■ Under 11 U.S.C. § 726(b), payment of claims arising under Sections 503(b) and 1930(a)(6) are made on a pro rata basis among all claims specifically referred to in paragraph (a)(1) of Section 507. Only those claims allowed under Section 503(b) which arise in a case converted under Section 1112 are excepted from payment under Section 726(b). *In re AM–PM Photo Camera Fashions, Inc.*, 116 B.R. 222, 222 (Bankr.D.Idaho 1990). Section 726(b) does not create a specific exception for payment of Section 1930(a)(6) charges and expenses incurred in a case under Section 1112.

■ · Since the claim of the US Trustee is not a Section 503(b) claim, this Court finds that the US Trustee's Motion for Amended Order for Payment of Fees/Expenses should be Granted. The Court also finds that the US Trustee statutory fees totalling Two Hundred Thirty Four and 21/100 Dollars ($234.21) should be given the same priority as Chapter 7 administrative expenses and paid pro rata with the Chapter 7 expenses incurred in this case.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that the US Trustee's Motion for Amended Order for Payment of Fees/Expenses be, and is hereby, **GRANTED.**

It is **FURTHER ORDERED** that the US Trustee's fees and expenses totalling Two Hundred Thirty Four and 21/100 Dollars ($234.21) be, and are hereby, given the same priority as the Chapter 7 administrative expenses and paid pro rata with the administrative Chapter 7 expenses incurred in this case.