**In re METRO TRANSPORTATION AND HEALTH REFERRAL, INCORPORATED, Debtor.**

**Bankruptcy No. 90–2620.**

United States Bankruptcy Court, N.D. Ohio, E.D.

March 3, 1994.

Deborah J. Nicastro, Cleveland, OH, for debtor.

Waldemar J. Wojcik, Cleveland, OH, Trustee.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The issue before the Court requires a determination of whether the United States Trustee's (UST's) statutory fees and charges in a converted Chapter 11 case are to be shared on a *pro rata* basis with administrative claimants in the resulting Chapter 7 case, or whether such fees and charges are to be subordinated to the Chapter 7 administrative claims in accordance with provisions of § 726(b) of the Bankruptcy Code.

Metro Transportation & Health Referral, Inc. (the Debtor) filed its voluntary petition for relief under Chapter 11 on June 7, 1990. The case was converted to proceedings under Chapter 7 on December 28, 1990. Upon liquidation of the Debtor's assets, the panel trustee submitted his Final Report for Court approval. Thereupon, the Court issued its Amended Order on January 24, 1994 directing payments on allowed claims and expenses. The present matter ensued.

■ The UST correctly notes that the Amended Order directed that UST fees be paid *pro rata* on the same priority as the Chapter 11 administrative expenses. Chapter 7 administrative expenses were ordered to be paid in full. The UST contends that claims resulting from unpaid UST fees are to be treated on the same priority as Chapter 7 administrative expenses and are not to be subordinated, *citing, In re Bancroft Laundry Center, Inc.,* 164 B.R. 586 (Bankr.N.D.Ohio 1994); *In re K & M Printing & Lithographing, Inc.,* 135 B.R. 404 (Bankr.D.Or.1992); *In re Juhl Enterprises, Inc.,* 921 F.2d 800 (8th Cir.1990). The UST further contends that the Bankruptcy Code provides that "the UST fees should be paid on the same priority as Chapter 7 administrative expenses—and be treated on par with Chapter 7 administrative expenses and receive payment based upon the same percentage as Chapter 7 administrative claims.

Initially, it is noted that the UST cites to no provision under Title 11 to support its contention that the Bankruptcy Code requires that UST fees share *pro rata* with

Chapter 7 administrative claimants. Section 507 of the Code addresses unsecured claims which are entitled to priority treatment. Subsection (a)(1) gives first priority status to § 503(b) administrative expense claimants, in addition to any fees and charges assessed against the estate under Chapter 123 of 28 U.S.C. 1911 *et seq.* clearly reveals that UST fees and charges are addressed under 28 U.S.C. 1930:

> § 1930. Bankruptcy Fees.

> (a)(6) In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States Trustee ... in each case under Chapter 11 of title 11 for each quarter ... until a plan is confirmed or the case is converted or dismissed, whichever occurs first....

Although UST fees are not expressly provided for under § 503(b), the types of allowable administrative expenses addressed thereunder are nonexclusive:

> § 503

> (b) after notice and a hearing, there shall be allowed administrative expenses ..., *including* .... (Emphasis added). 11 U.S.C. 503(b).

Pursuant to Bankruptcy Code's rules of construction set forth at § 102(3), the terms 'includes' and 'including' are not limiting. See, 11 U.S.C. 102(3). Thusly, those types of administrative claims enumerated under § 503(b) are not exclusive. Moreover, § 503(a) provides:

> 503(a) An *entity* may file a request for payment of an administrative expense. 11 U.S.C. 503(a). (Emphasis added).

Under the Code, § 101(15) defines the term "entity" to include the United States Trustee. Thusly, the statutory relationship between §§ 507(a)(1), 503(a) and (b), 101(15), and 102(3) evinces that UST fees, in addition to being fees and charges addressable under Chapter 123, 28 U.S.C. 1930(a)(6), could conceivably be allowed as administrative expense claims addressable under § 503(b) of the Code. Notwithstanding this possibility, Congress has yet to clearly reach this result through its several amendments to the Bankruptcy Code.

Section 726 of the Code effectively provides a distribution schedule of property under Chapter 7. Therein, the following is noted:

> 11 U.S.C. § 726. Distribution of property of the estate.

> (b) Payment on claims of a kind specified in paragraph (1), (2), (3), (4), (5), and (6)[,] or (7) of section 507(a) of this title ... shall be made pro rata among claims of the kind specified in each such particular paragraph, *except that in a case that has been converted to this chapter under section 1112 ... of this title, a claim allowed under § 503(b) of this title incurred under this chapter after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title* or under this chapter before such conversion and over any expenses of a custodian superseded under section 543 of this title. (Emphasis added).

Under § 507(a)(1) of the Code, priority status is given only to § 503(b) administrative expense claimants and to any fees and charges assessed against the estate under Chapter 123 of Title 28. As indicated above, the UST's fees are assessed against a debtor's estate under Chapter 123, 28 U.S.C. 1930(a)(6) which brings them under § 507(a)(1) first priority status. In so doing, Congress deliberately evinced an intention to treat UST fees other than under § 503(b).

Another plausible reason exists to explain why Congress deliberately chose to exclude and treat differently the UST's fees from § 503(b) administrative expenses under the distribution scheme of § 726(b), although both are accorded first priority treatment under § 507(a)(1). This reason may be found in the means of funding the U.S. Trustee Program (the Program). Under the Bankruptcy Judges, United States Trustees, And Family Farmer Bankruptcy Act of 1986, P.L. 99–554 (The Bankruptcy Act of 1986). Congress intended in this Act that the U.S. Trustee Program be self-funded. House Report 5316 specifically provided that the Pro-

gram would be self-funded and would be paid for by the users of the bankruptcy system, as opposed to the taxpayer. To implement this policy, Congress established a special fund in the U.S. Treasury, called the U.S. Trustee System Fund (the Fund) from which the Program would be funded. The Fund's source of revenues is derived from a portion of the filing fees, in addition to the quarterly fees required in Chapter 11 cases. To insure the adequacy of funding, the Attorney General is required to submit an accounting of the Fund's receipts and expenditures to Congress within 120 days following the end of each fiscal year. This requirement ensures that the self-funding mechanism cannot become a general fund raising method for the federal government. See, 28 U.S.C. 581, 589; H.R. 99–764, Aug. 7, 1986, to accompany H.R. 5316; Cong.Record Vol. 132 (1986).

In view of the aforementioned legislative history to the Bankruptcy Act of 1986, it can be better understood why the Congress chose under § 726(b) to subordinate only the § 503(b) expenses from a converted Chapter 11 case and not the UST's Chapter 11 fees which are provided for under 28 U.S.C. 1930(a)(6).

By allowing first priority status to expenses allowed "under section 503(b) of this title and any fees *and* charges assessed against the estate under Chapter 123 of title 28 ...", it is quite apparent that the Congress consciously chose to separate Chapter 123 fees and charges from administrative expenses allowed under § 503(b) of the Code. Thusly, UST fees are not to be considered as § 503(b) expenses in converted cases, the UST fees herein are to be paid on the same priority status as § 507(a)(1) claims in the subject Chapter 7 case.

### Conclusion

Accordingly, the UST's motion to amend is hereby granted. The Trustee is to pay the UST's fees on a *pro rata* basis with other § 503(b) expenses in the Chapter 7 case.

IT IS SO ORDERED.