**In re GLEN EDEN HOSPITAL INC., Debtor.**

**Bankruptcy No. 93–50572–R.**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Oct. 11, 1994.

John Griffin, Jr., Center Line, MI, for debtor.

Trevor Wetherington, Detroit, MI, for I.R.S.

*ORDER SUSTAINING OBJECTION TO ORDER DIRECTING THE CORRECTION OF DEFECTIVE PLEADING*

STEVEN W. RHODES, Bankruptcy Judge.

### I.

In this case,[1] the Internal Revenue Service filed a "Request for Payment of Internal

---

**1.** The issue resolved herein has been raised in a    number of cases on the docket of each of the

Revenue Taxes," (currently Form 6338 A(C) (Rev. 6–88)). This form asserts "Administrative Claims" for taxes due from the debtor, and requests payment. A copy was apparently served on the debtor. Because this "Request" appeared to be a motion (i.e. a request that the *Court* do something), and because the request did not comply with Local Bankruptcy Rule 2.08,[2] the Court entered an "Order Directing the Correction of Defective Pleading," pursuant to its normal practice. That order advised the Internal Revenue Service that its request for payment of IRS taxes was defective and why. It further indicated that if the defect was not corrected within 8 days, an order striking the request might be entered by the Court.

Instead of making the corrections called for in the order, the Internal Revenue Service filed an objection to the order.

After considering the objections and the arguments of counsel in support of the objections, the Court concludes the objections should be sustained, that the Order Directing the Correction of Defective Pleading should be vacated, and that the Request for Payment of Internal Revenue Taxes shall stand as filed.

The basic argument of the Government, with which this Court agrees, is grounded in the actual language of 11 U.S.C. § 503(a). That section states, "Any entity may file a request for payment of administrative expense." By its plain language, this section clearly provides for the filing of a paper such

as is at issue here. Accordingly, on this ground alone, the Court is required to permit the filing to stand.

### II.

■ The limits of this holding, however, must be understood. First, the Court will not consider that such a "request" for payment filed under § 503(a) is a motion, which is essentially a request directed to the Court asking that the *Court* do something. Therefore, the Court will initiate no judicial process upon the filing of a request for payment, unless the request otherwise complies with Local Bankruptcy Rule 2.08. Accordingly, where, as here, the Government merely files a request that does not otherwise comply with our local rules, the request constitutes little more than notice to the debtor and others who may see it in the file. Put differently, the Court considers the filed "request" in the first instance to be in substance really nothing more than a "request" for payment directed primarily to the debtor, a copy of which has been filed with the Court, producing whatever salutatory knowledge and notice effects might result from that public filing.

■ Second, while a "proof of claim" setting forth a creditor's pre-petition claim constitutes *prima facie* evidence of the validity and the amount of claim, Rule 3001(f), Fed. R.Bankr.P., a "request for payment" under 11 U.S.C. § 503(a) carries no such presumptive effect.[3] *In re Fullmer*, 962 F.2d 1463, 1467 (10th Cir.1992); *In re Allen Care Cen-*

---

bankruptcy judges in the Eastern District of Michigan. By agreement among all of the judges, orders similar to this will be entered in each such case.

**2.** L.B.R. 2.08 establishes our basic motion procedure. Its key feature is that with few exceptions, a response is required to every motion. If no response is filed, the Court may, and most often does, grant the motion without a hearing. It specifically provides that a motion must be accompanied by a blank notice of hearing, a notice to the respondent that the respondent has a certain number of days to file and serve an answer (or the Court may grant the motion without a

hearing), a proof of service and a proposed order. The rule further provides that if there is no timely response, the moving party may submit a certificate of no response, and the court will then enter the proposed order without a hearing.

The IRS request for payment had none of the papers required to accompany a motion under this rule, except a proof of service. As a motion it was therefore deemed defective.

**3.** Indeed, contrary to the suggestion in the legislative history accompanying § 503, the Federal Rules of Bankruptcy Procedure have not established any procedures relating to a request for payment. *See In re Polysat, Inc.*, 152 B.R. 886, 895 (Bankr.E.D.Pa.1993).

*ters, Inc.,* 163 B.R. 180, 181 (Bankr.D.Or. 1994); *In re Fulwood Enter., Inc.,* 149 B.R. 712, 715 (Bankr.M.D.Fla.1993); *In re Cardinal Ind., Inc.,* 151 B.R. 833, 836 (Bankr. S.D.Ohio 1992).

Accordingly, before an administrative claim is "allowed" by the Court under 11 U.S.C. § 503(b), a party must file a motion requesting such relief, and such a motion must comply with Local Bankruptcy Rule 2.08. Of course, the Court always encourages the Internal Revenue Service and the debtor to resolve any disputes concerning post-petition tax claims without litigation. The Court also encourages the parties to resolve any such disputes, whether by litigation[4] or otherwise, as promptly as possible in order to avoid unnecessary delays in the plan confirmation process.

The Government argues that the debtor is required to file an objection to its request for payment if the debtor disputes the request. The Court disagrees. While Rule 3007 addresses the procedures for objections to pre-petition claims, there is no statute or rule requiring any response to a request for payment. Rather, as indicated earlier, the Court anticipates that any dispute concerning a request for payment filed by the Internal Revenue Service will be resolved either by settlement or in the context of the motion procedure under Local Bankruptcy Rule 2.08.

The Government contends that the confirmation hearing is the appropriate time to resolve any disputes concerning administrative taxes. The Court disagrees. As noted earlier, such disputes can and should be resolved before confirmation in order to avoid delay.

The Government contends that the procedure established for allowing its administrative expense claim should minimize the burden upon it. The Government properly points out that it is an involuntary creditor and that therefore it does not have the option to stop doing business with the debtor as do

other creditors whose administrative expense claims stand unpaid. The Court agrees that all bankruptcy procedures should be designed to minimize the parties' costs and burdens. *See* Rule 1001, Fed.R.Bankr.P. Indeed, Local Bankruptcy Rule 2.08 was designed for that very purpose, and the Court believes that it has had that very effect. Accordingly, the Court concludes that requiring the parties to utilize Local Bankruptcy Rule 2.08 to resolve any dispute concerning administrative taxes and to obtain an order allowing such a claim, when necessary, is consistent with the parties' interests in minimizing transactional expenses. And this procedure is also consistent with the parties' interests in due process.

For the benefit of the Internal Revenue Service, the bar and the public, the ramifications of this holding should be made clear. As noted, the "request" filed by the Internal Revenue Service, without more, will remain a dormant piece of paper in the court file, and the Court will not act on it unless and until the Internal Revenue Service complies with all of the other requirements of Local Bankruptcy Rule 2.08 (E.D.M.), or some other party in interest files an appropriate motion. If the IRS complies with those requirements, the Court will consider the "request" itself to be the required written motion.

This procedure has several advantages. First it allows the IRS to file such a request, and thereby to give the debtor and other interested parties notice of a matter that might be important in the case. Second, this procedure encourages the IRS to file the request at a time so that the interested parties can address any confirmation issues that may result, including feasibility, without delaying confirmation. Third, the procedure provides for a response and a court hearing only when necessary to resolve a dispute that the parties cannot resolve without litigation. Fourth, it is consistent with Local Bankruptcy Rule 2.08, which sets forth the procedures whenever a party seeks a court order, including an order allowing an administrative claim

---

**4.** Any party with standing can file a motion to have the Court resolve such a dispute.

under 11 U.S.C. § 503(b).[5]

IT IS SO ORDERED.

---

5. A trade creditor doing business with a debtor-in-possession on ordinary business terms has no reason to file a request for payment under 11 U.S.C. § 503(a); billing the debtor pursuant to the regular course of business is normally sufficient. When the debtor's payment is overdue and the creditor decides to ask the Court to order payment, then the creditor can file a motion under Local Bankruptcy Rule 2.08.