**In re Patrick and Lilia ENDY, Debtors.**

**U.S. TRUSTEE, et al., Appellants,**

**v.**

**Patrick ENDY, et al., Appellees.**

**Nos. BK–S–90–24316–RCJ, CV–S–94–490–DWH(RLH).**

United States District Court, D. Nevada.

May 15, 1995.

---

R. Palmer Cundick, Asst. U.S. Trustee, for appellants.

Patrick and Lilia Endy, pro se.

## ORDER

HAGEN, District Judge.

Appellant, United States trustee appeals the bankruptcy court's opinion (# 15) denying its motion for an order directing payment of quarterly fees as a priority expense. The bankruptcy court's order has been published at 166 B.R. 438 (Bankr.D.Nev.1994). No opposition was filed.

## I. Background

The debtor in this case originally filed for bankruptcy under Chapter 11 of the Bankruptcy Code. During the course of the Chapter 11 proceedings, the debtor incurred an obligation to pay $700 in quarterly fees to the United States trustee pursuant to 28 U.S.C. § 1930(a)(6). The case later was converted to one under Chapter 7 of the Bankruptcy Code.

The U.S. trustee filed a motion for an order directing payment of the trustee's fees as a priority Chapter 7 claim. The Bankruptcy Court denied the motion and the U.S. trustee now appeals.

## II. Standard of Review

██ This case involves a question of statutory construction and therefore, review of the bankruptcy court's decision is *de novo*. *See In re Orvco, Inc.*, 95 B.R. 724, 726 (9th Cir. BAP 1989).

## III. Discussion

██ The issue before the Court is under what priority the U.S. trustee's quarterly fees should be paid in a case converted from Chapter 11 to Chapter 7. The Bankruptcy

Court held Chapter 7 administrative fees take priority over trustee's fees according to 11 U.S.C. § 726. The U.S. trustee argues the trustee's fees should be paid *pro rata* with administrative expenses incurred pursuant to Chapter 7 under 11 U.S.C. § 507(a)(1).

Both § 726 and § 507(a)(1) address the order in which claims against a bankruptcy estate are to be paid. The cases addressing the issue are split and there is no binding authority which this court must follow.

### A. The Statutes At Issue

The first relevant statute is 11 U.S.C. § 507 which establishes the priority for payment of claims and expenses in bankruptcy proceedings under Chapters 7, 11, 12, and 13. Section 507 provides in pertinent part:

(a) The following expenses and claims have priority in the following order:

(1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28.

The quarterly fees claimed by the U.S. trustee are mandated by 28 U.S.C. § 1930(a)(6) which is part of chapter 123.[1] The trustee's fees are therefore, "charges assessed against the estate under chapter 123 of title 28" and have equal priority with administrative expenses allowed under § 503(b).

The other statute at issue is 11 U.S.C. § 726 which governs distributions of property under Chapter 7 and provides in pertinent part:

(a) ... property of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;

. . . . .

(b) Payments on claims of a kind specified in paragraph (1) ... of section 507(a) of this title ... shall be made pro rata among

---

1. 28 U.S.C. § 1930(a)(6) provides: "In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until a plan is confirmed or the case is converted or dismissed, whichever occurs first."

claims of the kind specified in each such particular paragraph, except that in a case that has been converted to this chapter [from Chapter 11], a claim allowed under section 503(b) of this title incurred under [Chapter 7] after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title ...

It is clear from § 726 that in a Chapter 7 case which has been converted from Chapter 11, Chapter 7 administrative expenses allowed under § 503(b) are given priority over Chapter 11 administrative expenses also allowed under § 503(b). However, the cases are split regarding the issue presented in this case: whether Chapter 7 administrative expenses allowed under § 503(b) should also be given priority over trustee's fees assessed under chapter 123 of title 28.

### B. Possible Interpretations

#### 1. *Majority Holding:* Trustee's Fees Have The Same Priority As Chapter 7 Administrative Claims

The majority of cases hold trustee's fees incurred in a Chapter 11 case prior to conversion to Chapter 7 should be given the same priority as and paid *pro rata* with Chapter 7 administrative expense claims. According to this line of cases, § 726 does not subordinate the quarterly trustee's fees because § 726 refers only to administrative expenses under § 503(b) which are distinguished from such fees and charges in § 507(a)(1). The Eighth Circuit (the only circuit which has addressed this issue) reached this conclusion in *In re Juhl Enters., Inc.,* 921 F.2d 800, 803 (8th Cir.1990). *See also In re Lochmiller Indus.,* 178 B.R. 241, 250 (Bankr.S.D.Cal.1995); *In re Metro Transp. & Health Referral, Inc.,* 165 B.R. 832, 833–34 (Bankr.N.D.Ohio 1994); *In re Bancroft Laundry Ctr., Inc.,* 164 B.R. 586, 587 (Bankr.N.D.Ohio 1994); *In re Darmstadt Corp.,* 164 B.R. 465, 470 (Bankr.D.Del.1994); *In re K & M Printing & Lithographing, Inc.,* 135 B.R. 404, 407 (Bankr.D.Or.1992); *In re AM–PM Photo Camera Fashions, Inc.,* 116 B.R. 222 (Bankr.D.Idaho 1990).

The reasoning followed by this line of cases is as follows. Nothing in the bankruptcy statutes states or implies that the quarterly trustee's fees are synonymous with § 503(b) administrative expenses. Section 507(a)(1) separates with a comma "administrative expenses allowed under section 503(b) of this title, and any [quarterly fees]," signaling that the two claims are different. Finally, § 503(b) does not include quarterly trustee's fees in its list of administrative expenses. Thus quarterly trustee's fees are different from § 503(b) claims. Because the trustee fees are not § 503(b) claims, § 726(b) does not subordinate trustee's fees to Chapter 7 administrative expenses. Therefore, Chapter 7 administrative expenses and the trustee's fees have the same priority.

This line of cases also stresses that Congress intended the U.S. Trustee Program to be self-funded and paid for by the users of the bankruptcy system, as opposed to the taxpayer [2]—a result more easily achieved if the trustee's fees are paid on the same priority status as Chapter 7 administrative expenses. *See Metro Transp. & Health Referral,* 165 B.R. at 833–34.

#### 2. *Minority Holding:* U.S. Trustee's Fees Are Subordinated To Chapter 7 Administrative Fees

The bankruptcy court's opinion follows a second line of cases which holds § 726 does subordinate the quarterly trustee fees. *See, e.g., In re Ehrman,* 171 B.R. 683, 685 (Bankr. D.Ariz.1994); *In re Wetmore,* 117 B.R. 201, 202 (Bankr.W.D.Pa.1990). These cases follow the analysis of *In re Sun Runner Marine, Inc.,* 134 B.R. 4, 6–7 (9th Cir. BAP 1991), and find for policy reasons, and based on their interpretation of legislative intent, that the purposes of the Bankruptcy Code would be better served by affording priority to the Chapter 7 costs of administration. In *Sun Runner,* the court found the legislative intent of § 726 was to assure payment to those who wind up the affairs of the debtor, which encourages competent professionals to participate in the liquidation and, in turn, maximizes the benefit for all claimants

---

**2.** *See* Bankruptcy Act of 1986, P.L. 99–554.

against the estate. *Sun Runner,* 134 B.R. at 7.

However, *Sun Runner* is not directly on point. In *Sun Runner,* the court held § 726 gives Chapter 7 administrative expense claims priority over a Chapter 11 administrative expense claim which was otherwise entitled to superiority based on failure of adequate protection. Unlike the trustee's fees, the claim at issue in Sun Runner was a § 503(b) administrative expense and thus specifically subordinated by § 726.

### 3. *Alternative Holding:* **Trustee's Fees Share *Pro Rata* With Both Chapter 7 and Chapter 11 Administrative Fees**

A third construction of the statutes which is very similar to the first (majority) line of cases is appropriate here. Because § 726 only subordinates § 503(b) administrative expenses incurred prior to conversion, and trustee's fees are distinct from § 503(b) expenses, the majority line of cases correctly hold § 726 does not subordinate the trustee's fees. However, the majority line of cases also improperly operates to give the trustee's an unwarranted priority over § 503(b) administrative expenses incurred prior to conversion.

Section 726 should be read to neither subordinate nor elevate the priority or *pro rata* share of trustee's fees. While nothing in § 726 can be read as subordinating the trustee's fees to Chapter 7 administrative fees (as recognized by the majority line of cases), it is also important to note that nothing in § 726 gives the trustee's fees priority over the Chapter 11 administrative fees. In other words, § 726 only addresses the priority of the administrative fees and should not impact either the priority or the *pro rata* share of the trustee's fees. The majority line of cases gives the trustee's fees an unwarranted priority over Chapter 11 administrative expenses by allowing the trustee's fees to be paid *pro rata* with the Chapter 7 administrative expenses.[3]

In a case converted from Chapter 11 to Chapter 7, the trustee's fees should share *pro rata* with § 503(b) administrative expenses incurred either during Chapter 7 or Chapter 11 as provided by § 507(a). Section 726 would only be implicated in considering the breakdown of the § 503(b) administrative expenses (giving first priority to those incurred during Chapter 7) and would have no impact on the share or priority given to the trustee's fees.

Accordingly, **IT IS HEREBY ORDERED** that the bankruptcy court's decision denying the U.S. trustee's motion for an order directing payment of quarterly fees as a priority expense is AFFIRMED, but according to the reasoning of the alternative holding set out above. This case is **REMANDED** to allow the trustee to submit a revised proposed distribution in accordance with this court's order.

---

**3.** Assume by way of example that there is $6,000 available for distribution and $5,000 in accrued Chapter 7 administrative fees, $5,000 in accrued Chapter 11 administrative fees, and $5,000 in trustee's fees.

Under the majority line of cases, the Chapter 7 administrative fees and the trustee's fees would take first priority and share the $6,000 *pro rata.* This would result in $3,000 to the Chapter 7 administrative fees, $3,000 to the trustee's fees, with nothing left for the Chapter 11 administrative fees.

Under the minority line of cases, the Chapter 7 administrative fees would take first priority and receive $5,000. The trustee's fees and Chapter 11 administrative fees would share the remaining $1,000 *pro rata* by which each would take $500.

According to the alternative interpretation of the statutes, the trustee's fees would be paid *pro rata* with the total administrative fees (those incurred under both Chapter 7 and Chapter 11). By this construction, the trustee's *pro rata* share would be $2,000. The *pro rata* share for administrative fees would be $4,000. Only at this point would § 726 come into play, pursuant to which the Chapter 7 administrative fees would receive first priority and take the entire $4,000, with nothing left for the Chapter 11 administrative fees.