In re: Patrick & Lilia ENDY, Debtors.

UNITED STATES TRUSTEE, Appellant,

v.

Patrick Endy; Lilia ENDY, Appellees.

No. 95–17060.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 1996.

Decided Jan. 14, 1997.

Julie A. Dicamillo, Executive Office for United States Trustees, Las Vegas, Nevada, for the appellant.

Paul W. Bridenhagen, Executive Office for the United States Trustee, Washington, D.C., for the appellant.

For the appellees: No appearance.

Before: WOOD, Jr.,* SCHROEDER, and CYNTHIA HOLCOMB HALL, Circuit Judges.

## OPINION

SCHROEDER, Circuit Judge:

This bankruptcy appeal raises an issue of first impression in this circuit concerning the relative priority to be given to: (1) fees charged to the estate under Chapter 123 of Title 28, which include the United States Trustee's quarterly fees under 28 U.S.C. § 1930(a)(6), and (2) administrative expenses under 11 U.S.C. § 503(b). The issue arises in the context of a Chapter 11 bankruptcy that has been converted to Chapter 7, where the assets available for distribution are insufficient to pay all of the Chapter 123 fees and the administrative expenses. The claims whose priority is to be resolved in this case include only the U.S. Trustee's fees, the section 503(b) administrative expenses incurred under Chapter 11 prior to the conversion, and the section 503(b) administrative ex-

penses incurred under Chapter 7 after conversion.

The question is one of statutory interpretation that has spawned both a "majority" and a "minority" rule among the bankruptcy and district courts. The bankruptcy court in this case followed the "minority" rule, and on the U.S. Trustee's appeal, the district court fashioned a wholly new interpretation of the statutes. The U.S. Trustee appeals to this court asking us to adopt the "majority" rule. One other circuit has addressed the question and has sided with the "majority" position. *See Huisinga v. Carter (In re Juhl Enters.)*, 921 F.2d 800 (8th Cir.1990). We do so as well.

## THE GOVERNING STATUTES

We begin with 11 U.S.C. § 726, which sets out the priorities for distribution of the debtor's assets at the conclusion of a Chapter 7 proceeding. Section 726(a)(1) provides:

> (a) ... [P]roperty of the estate shall be distributed-(1) first, in payment of the kind specified in, and the order specified in, section 507 of this title .
>
> . . . .

11 U.S.C. § 726(a)(1). We therefore next turn to 11 U.S.C. § 507(a), which in its first paragraph provides that section 503(b) administrative expenses and Chapter 123 fees and charges have first priority:

> (a) The following expenses and claims have priority in the following order:
>
> > (1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under Chapter 123 of title 28.

11 U.S.C. § 507(a)(1).

The key statutory provision that we must interpret in this case is 11 U.S.C. § 726(b), which tells the court what to do when it reaches a class of claims which the estate has insufficient funds to pay in full. Section 726(b) directs the court to divide the assets pro rata among all the claims in the class that cannot be fully satisfied:

> Payment on claims of a kind specified in [each paragraph] of section 507(a) of this

---

* The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Cir-
cuit, sitting by designation.

title ... shall be made pro rata among claims of the kind specified in each such particular paragraph, except that in a case that has been converted to this chapter [from Chapters 11, 12, or 13], a claim allowed under section 503(b) of this title incurred under this chapter after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title or under this chapter before such conversion. . . .

11 U.S.C. § 726(b).

In this case, as in many cases, the assets are insufficient to satisfy the claims in the class with the very first level of priority, *i.e.*, those claims described in section 507(a)(1). When that is the case, and when, also as here, there has been a conversion to Chapter 7 proceedings from another chapter, then we must deal with the separate and troublesome exception in section 726(b). That exception gives priority to section 503(b) administrative expenses incurred. after conversion (the "Chapter 7 expenses") over those incurred prior to conversion (in this case, the "Chapter 11 expenses"). The problem we face is that the exception addresses only the relative priority of the Chapter 11 and Chapter 7 expenses, and is absolutely silent on the priority to be given Chapter 123 fees in relation to those administrative expenses. It does not tell us whether the Chapter 123 fees should be given the same priority as the Chapter 7 expenses, and thus pro rated with them, or if the Chapter 123 fees should be subordinated to the Chapter 7 expenses, and thus pro rated with the Chapter 11 expenses.

## POSSIBLE APPROACHES

The majority of the courts dealing with the problem have concluded that the U.S. Trust-

ee's fees should be pro rated with the Chapter 7 administrative expenses. *See, e.g., In re Juhl Enters.*, 921 F.2d at 803–04; *Ross v. Kanaga (In re Darmstadt Corp.)*, 164 B.R. 465 (D.Del.1994); *In re Lochmiller Indus.*, 178 B.R. 241, 250 (Bankr.S.D.Cal.1995); *In re Metro Transp. & Health Referral*, 165 B.R. 832 (Bankr.N.D.Ohio 1994); *In re K & M Printing & Litho.*, 135 B.R. 404 (Bankr. D.Or.1992); *In re AM–PM Photo Camera Fashions*, 116 B.R. 222 (Bankr.D.Idaho 1990). The minority of courts have concluded that the fees should be subordinated to the Chapter 7 administrative expenses and pro rated with the Chapter 11 expenses. *See, e.g., In re Ehrman*, 171 B.R. 683 (Bankr. D.Ariz.1994), *rev'd*, 184 B.R. 362 (D.Ariz. 1995); *Reitmeyer v. Wetmore (In re Wetmore)*, 117 B.R. 201 (Bankr.W.D.Pa.1990).

The bankruptcy court in this case applied the minority rule, *In re Endy*, 166 B.R. 438 (Bankr.D.Nev.1994), which prompted an appeal by the U.S. Trustee to the district court seeking application of the majority rule. No opposition was filed in the district court. The district court reversed the bankruptcy court's application of the minority rule, *U.S. Trustee v. Endy (In re Endy)*, 181 B.R. 526 (D.Nev.1995), but refused to adopt the position of the U.S. Trustee that the majority rule should apply. Instead, the district court crafted its own interpretation of the statute and held that all of the administrative expenses should be grouped together and share pro rata with the fees. The court held that the pro rata share allocated to the administrative expenses should then be used first to satisfy Chapter 7 expenses, and then the Chapter 11 expenses.[1] *Id.* at 529. Because

---

1. To illustrate the three different approaches, we borrow the district court's helpful example:

   Assume by way of example that there is $6,000 available for distribution and $5,000 in accrued Chapter 7 administrative fees, $5,000 in accrued Chapter 11 administrative fees, and $5,000 in trustee's fees.

   Under the majority line of cases, the Chapter 7 administrative fees and the trustee's fees would take first priority and share the $6,000 *pro rata*. This would result in $3,000 to the Chapter 7 administrative fees, $3,000 to the trustee's fees, with nothing left for the Chapter 11 administrative fees.

   Under the minority line of cases, the Chapter 7 administrative fees would take first priority and receive $5,000. The trustee's fees and Chapter 11 administrative fees would share the remaining $1,000 *pro rata* by which each would take $500.

   According to the alternative interpretation of the statutes, the trustee's fees would be paid *pro rata* with the total administrative fees (those incurred under both Chapter 7 and Chapter 11). By this construction, the trustee's *pro rata* share would be $2,000. The *pro rata* share for administrative fees would be $4,000. Only at this point would § 726[(b)] come into play, pursuant to which the Chapter 7 administrative fees would

this resulted in the U.S. Trustee's receiving less than it would receive under the majority rule, this appeal followed.

## ANALYSIS

The courts' struggles in interpreting these statutes stem from a serious congressional omission. Congress added the Chapter 123 fees and charges to section 507(a)(1) when it created the U.S. Trustees Program in extensive 1986 amendments to the bankruptcy code. Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, tit. I.B., Pub.L. 99–554, §§ 111–17, 100 Stat. 3088, 3090–96 (codified at 28 U.S.C. §§ 581–89a, 1930(a) (1994)). Prior to those amendments, the only claims that were given first level priority under section 507(a)(1) were those for section 503(b) administrative expenses. Therefore, the priority given Chapter 7 expenses in the § 726(b) exception sufficed. In the 1986 amendments, Congress added a new first priority claim to section 507(a)(1), but apparently overlooked the need to address that claim's place in the section 726(b) priority scheme.

In deciding what priority Congress would have given the Chapter 123 fees if it had considered the issue, we are guided by the policies behind Congress' creation of the U.S. Trustees program. Congress was explicit in its intent that the U.S. Trustees program be self-funded, *i.e.*, "paid for by the users of the bankruptcy system-not by the taxpayer." H.R.Rep. No. 764, 99th Cong., 2d Sess. 22 (1986) ["House Report"], *reprinted in* 1986 U.S.C.C.A.N. 5227, 5234. To fulfill that purpose, Congress expanded the Chapter 123 fee structure, increasing the bankruptcy filing fees, 28 U.S.C. §§ 1930(a)(1), (3), (4), and creating a new class of quarterly fees for Chapter 11 reorganizations, 28 U.S.C. § 1930(a)(6). Congress directed that these increased fees be deposited in a dedicated fund for the operation of the U.S. Trustees program. Bankruptcy Judges Act, §§ 115, 117 (codified at 28 U.S.C. §§ 589a, 1930(a)

(1994)); House Report at 25–26, *reprinted in* 1986 U.S.C.C.A.N. at 5237–38.

We know that Congress intended the fees dedicated to funding the U.S. Trustees program to be the highest priority claims in a liquidation, for it placed them in the first paragraph of 11 U.S.C. § 507(a), and thereby made them first payable under section 726(a). We also know that Congress intended to give Chapter 11 administrative expenses a lower priority than the other first priority claims under sections 507(a) and 726(a), because Congress said so when it enacted section 726(b). We conclude that Congress intended the U.S. Trustee's fees under Chapter 123 to have a priority equal to that of the Chapter 7 expenses, and superior to that of the Chapter 11 expenses.

For these reasons we agree with the Eighth Circuit that the minority rule conflicts with the statutory scheme, because it would subordinate the Trustee's fees to the Chapter 7 administrative expenses. As the Eighth Circuit observed:

> Section 726(a) places the Trustee's fee and the § 503(b) administrative expenses on the same footing. But § 726(b) removes the Chapter 11 § 503(b) expenses from that lofty status. It does not mention the Trustee's quarterly fees. The only possible result of this omission is that the Trustee's quarterly fee payments have the same priority as the Chapter 7 administrative expenses.

*In re Juhl Enters.*, 921 F.2d at 803.

For the same reasons, we believe the district court's novel interpretation contains a similar flaw. By pro rating all three types of fees together, the district court's rule has the effect of diluting the Chapter 123 fees relative to the Chapter 7 administrative expenses. The inclusion of the Chapter 11 expenses in the initial pro rata apportionment works to augment the share paid to the Chapter 7 claimants at the expense of the U.S. Trustee, in effect giving the Chapter 7 claimants two bites while the U.S. Trustee gets only one.[2] We find this result inconsis-

---

receive first priority and take the entire $4,000, with nothing left for the Chapter 11 administrative fees.

*In re Endy*, 181 B.R. at 529 n. 3.

2. In the district court's example, where $6,000 is available for distribution and each of the claimants claims $5,000, the Chapter 7 claimants would take $4,000, representing both their and

tent with Congress' direction that Chapter 123 fees receive the highest priority, *see* § 507(a)(1), and with its instruction that claims at the first level of priority share pro rata. *See* § 726(a). The majority approach, under which the U.S. Trustee's fees and the Chapter 7 expenses are first satisfied ratably, followed by the Chapter 11 expenses, is more consistent with the statutory scheme and its underlying purposes.[3]

We therefore vacate the judgment of the district court and remand for entry of judgment consistent with this opinion.

VACATED AND REMANDED.

the Chapter 11 claimants' shares, while the U.S. Trustee would take only $2,000. *See supra* n. 1.

3. We note that this is the conclusion reached by the only other court to consider the *Endy* decision. *See U.S. Trustee v. Hirsh (In re Ehrman)*, 184 B.R. 362, 365–66 (D.Ariz.1995).