In re JONICK DELI CORP., Debtor.

United States Trustee, Appellant.

No. 00 Civ. 7006 DC.
Bankruptcy No. 90 B 10872 CB.

United States District Court,
S.D. New York.

June 11, 2001.

Carolyn S. Schwartz, United States Trustee, New York City, for appellant.

## MEMORANDUM DECISION

CHIN, District Judge.

In this unopposed bankruptcy appeal of a Chapter 7 case converted from Chapter 11, the United States Trustee (the "U.S. Trustee") appeals the bankruptcy court's (Blackshear, J.) Order Awarding Final Allowance of Commissions and Reimbursement of Expenses, dated June 26, 2000. Specifically, the U.S. Trustee appeals the bankruptcy court's *sua sponte* decision to subordinate outstanding U.S. Trustee quarterly fees, incurred while this was a Chapter 11 case, to Chapter 7 administrative expenses, thereby adopting the "minority view" on this issue.

As discussed more fully below, in this case of first impression in the Second Circuit, I conclude that the majority view, which holds that quarterly fees should be given the same priority as Chapter 7 administrative expenses, is more consistent with the plain language of the statutes and with the intent of Congress. Accordingly, the bankruptcy court's decision is reversed.

## BACKGROUND

On March 22, 1990, Jonick Deli Corp. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). (Trustee Brief at 2). On September 26, 1997, the bankruptcy court converted the case to a Chapter 7 liquidation after the Debtor ceased making payments as provided under the Chapter 11 plan. (*Id.*). On the same day, the bankruptcy court appointed Kenneth Silverman as Chapter 7 trustee. (*Id.*).

At the time of the conversion, the Debtor had outstanding U.S. Trustee quarterly fees due in the amount of $1,000. The fees had been assessed pursuant to 28 U.S.C. § 1930(a) as part of the Chapter 11 case. (*Id.* at 2–3).

On July 27, 1999, Silverman filed his Final Report and Fee Application (the "Report") with the U.S. Trustee. The Report stated that the cash balance available for distribution was $6,193.16, and it proposed the following distribution:

1. $222.00—Silverman, Chapter 7 Trustee (commissions);

2. $4,290.68—Jaspan Schlesinger Silverman & Hoffman LLP, counsel for Silverman (fees);

3. $680.48—Jaspan Schlesinger Silverman & Hoffman LLP, counsel for Silverman (expenses); and

4. $1,000.00—Office of the U.S. Trustee (quarterly fees).

(*Id.* at 3). This distribution scheme contemplated full payment to Chapter 7 administrative creditors and the U.S. Trustee. No other creditors or claimants, however, would receive any distribution from the Estate. (*Id.*).

On October 29, 1999, the U.S. Trustee approved the Report, and no objections were filed. (*Id.* at 4).

The bankruptcy court held a hearing on November 10, 1999, at which Silverman sought the court's approval of the Report. At the hearing, the court raised, *sua sponte*, the issue of whether the U.S. Trustee's quarterly fees are entitled to the same priority as Chapter 7 administrative expenses, as proposed in the Report, rather than being classified with the lower priority Chapter 11 administrative expenses. (*Id.*). After briefing from the U.S. Trustee and additional hearings, the bankruptcy court, on May 17, 2000, issued its Decision Re: Priority of U.S. Trustee's Quarterly Fees (the "May 17 Decision"). (*Id.* at 5). The decision held:

> [T]his Court adopts the minority view inasmuch as the Trustee's quarterly fees are not awarded any priority by the language of the statutes. If Congress intended to give Trustee's quarterly fees the same priority as Chapter 7 administrative expenses, it would have expressly provided for such a result. Here, the U.S. Trustee is attempting to obtain a larger share of the bankruptcy estate than provided for by the statutes. Therefore, in accordance with principles of equity and the Bankruptcy Code provisions, this Court finds that the Trustee's statutory quarterly fees incurred in Chapter 11 should be subordinated to the Chapter 7 administrative expenses and share pro-rata with the Chapter 11 administrative expenses. . . .

(May 17 Decision at 6).

As a result of the May 17 Decision, the U.S. Trustee will receive less than 1% of the outstanding quarterly fees from the Estate. (Trustee Brief at 6).

On September 19, 2000, the U.S. Trustee filed its appeal, presenting the following sole issue:

> Did the Bankruptcy Court err in finding that, in a converted chapter 11 case, payment of outstanding United States Trustee quarterly fees assessed pursuant to 28 U.S.C. § 1930(a), should be subordinated to chapter 7 administrative expenses, and should instead share *pro rata* with administrative expenses incurred during the chapter 11 case?

(Amended Designation of the Contents of the Record on Appeal and Statement of Issues to be Presented on Appeal at 3). Neither Silverman nor any other party opposed the appeal.

## DISCUSSION

### I. Standard of Review

 The issue raised here on appeal concerns a question of law. Accordingly, the bankruptcy court's decision is reviewed *de novo. In re Ionosphere Clubs, Inc.,* 922 F.2d 984, 988–89 (2d Cir.1990).

### II. Applicable Law

This is an issue of first impression in the Second Circuit. A number of other courts, however, including the courts of appeals for the Eighth and Ninth Circuits, have addressed this issue and reached differing results. The majority view, which is espoused by the two courts of appeals and by the U.S. Trustee here, holds that, in a case converted from Chapter 11 to Chapter 7, quarterly fees have the same priority over Chapter 11 administrative expenses as Chapter 7 administrative expenses and, thus, share *pro rata* in distribution of the Chapter 7 expenses. Alternatively, the minority view, which was adopted by the bankruptcy court, holds that quarterly fees, like Chapter 11 administrative expenses, should be subordinated to Chapter 7 expenses.

### A. The Statutes

Section 726 of the Code, which governs the distribution of property of the estate in Chapter 7 cases, provides in relevant part: "[P]roperty of the estate shall be distributed ... first in payment of claims of the kind specified in, and in the order specified in, section 507 of this title." 11 U.S.C. § 726(a)(1). Section 507 provides: "The following expenses and claims have priority in the following order: ... First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28." 11 U.S.C. § 507(a)(1). Section 503(b) includes both Chapter 7 and Chapter 11 administrative

expenses. Chapter 123 of Title 28 contains the provision prescribing U.S. Trustee quarterly payments.

When there is a class of claims that an estate cannot pay in full, § 726(b) directs the court to divide the assets *pro rata* among all the claims in the class that cannot be fully satisfied. 11 U.S.C. § 726(b). The section contains an exception, however, which provides that: "[I]n a case that has been converted to [Chapter 7 from Chapters 11, 12, or 13], a claim allowed under section 503(b) ... incurred under [Chapter 7] after such conversion has priority over a [503(b) ] claim ... incurred under any other ... chapter before such conversion ...." *Id.*

In other words, when a Chapter 11 case is converted to a Chapter 7 case, the exception in § 726(b) provides that Chapter 7 administrative expenses have priority over previously incurred Chapter 11 administrative expenses. What the § 726(b) exception does not make clear, however, is whether Chapter 7 administrative expenses also have priority over charges incurred under Chapter 123 of Title 28, quarterly fees. As stated by the Ninth Circuit:

[The exception] does not tell us whether the Chapter 123 fees should be given the same priority as the Chapter 7 expenses, and thus pro rated with them, or if the Chapter 123 fees should be subordinated to the Chapter 7 expenses, and thus pro rated with the Chapter 11 expenses.

*United States Trustee v. Endy (In re Endy),* 104 F.3d 1154, 1156 (9th Cir.1997).

### B. Majority View

The majority view holds that quarterly fees should be pro rated with the Chapter 7 administrative expenses. *See In re Endy,* 104 F.3d at 1156; *Huisinga v. Carter (In re Juhl Enters., Inc.),* 921 F.2d 800,

803–04 (8th Cir.1990). Quarterly fees are not administrative expenses; rather, they are fees incurred under Title 28, and § 726(b) does not alter their first priority status as expressly granted by § 507(a)(1). *In re Mary James, Inc.,* 225 B.R. 635, 637 (E.D.Mich.1998) (citations omitted).

This view is supported by an examination of the Congressional intent behind the U.S. Trustees program. "Congress was explicit in its intent that the U.S. Trustees program be self-funded, *i.e.,* 'paid for by the users of the bankruptcy system—not by the taxpayer.'" *In re Endy,* 104 F.3d at 1157 (quoting H.R.Rep. No. 764, 99th Cong., 2d Sess. 22 (1986), U.S.Code Cong. & Admin.News 1986, pp. 5227, 5234). Congress manifested this intent by specifically placing quarterly fees in the first paragraph of 11 U.S.C. § 507(a), which gives first priority solely to administrative expenses and quarterly fees, thereby making the fees the first payable under § 726(a). *See id.* Moreover, § 726(b) identifies § 507(a) claims and specifically subordinates Chapter 11 administrative expenses but not quarterly fees. *See In re Mary James,* 225 B.R. at 639–40.

### C. *Minority View* [1]

The minority view holds that the quarterly fees should be subordinated to the Chapter 7 administrative expenses and pro rated with the Chapter 11 expenses. *See In re Wetmore,* 117 B.R. at 201. This view maintains that § 507(a)(1) "did not bifurcate the administrative claims into two categories '(*i.e.,* one category for § 503(b)

administrative expenses, and a separate category for chapter 123 title 28 administrative expenses).'" *In re Discount Printing,* 199 B.R. at 148 (quoting *In re Wetmore,* 117 B.R. at 201). Moreover, the minority view points out that § 726(b) elevates post-conversion administrative expenses above pre-conversion ones. As argued by the bankruptcy court, "Congress could have ... [also] elevated claims relating to 'any fees and charges assessed against the estate under chapter 123 of title 28.'" (May 17 Decision at 5).

### III. *Application*

■ I conclude that the majority view is more consistent with the plain language of the statutes and with Congress's intent as to the U.S. Trustee program. First, "[n]othing in the statutes indicates that the Trustee's quarterly fees are synonymous with § 503(b) administrative expenses." *In re Ehrman,* 184 B.R. at 364 (quoting *In re Juhl,* 921 F.2d at 803). The grammatical structure of § 507(a)—specifically, the comma between the phrases "administrative expenses allowed under section 503(b)" and "any fees and charges," combined with the conjunction "and"—clearly distinguishes the two kinds of claims. *See id.; see also In re Juhl,* 921 F.2d at 803.

Second, the minority view conflicts with the "statutory scheme." *In re Endy,* 104 F.3d at 1157. As the Eighth Circuit held:

> Section 726(a) places the Trustee's fee and the § 503(b) administrative expenses on the same footing. But § 726(b) removes the Chapter 11 § 503(b) expenses from that lofty status.

---

1. A review of the case law indicates that currently there are only two bankruptcy courts that ascribe to the minority view. *See In re Discount Printing, Inc.,* 199 B.R. 145 (Bankr. S.D.W.Va.1995); *Reitmeyer v. Wetmore (In re Wetmore),* 117 B.R. 201 (Bankr.W.D.Pa.1990). Although other courts have adopted this view, they were subsequently reversed on appeal. *See, e.g., United States Trustee v. Hirsch (In re*

*Ehrman),* 184 B.R. 362 (D.Ariz.1995), *rev'g,* 171 B.R. 683 (Bankr.D.Ariz.1994). In addition, in its appeals brief, the U.S. Trustee avers that the district court in the Southern District of West Virginia adopted the majority view subsequent to the *Discount Printing* decision. Trustee Brief at 18 n. 7 (citing *In re First Big Mountain Co.,* No. 2:96–0306, slip op. (S.D.W.Va. Apr. 17, 1998)).

It does not mention the Trustee's quarterly fees. The only possible result of this omission is that the Trustee's quarterly fee payments have the same priority as the Chapter 7 administrative expenses.

*In re Juhl,* 921 F.2d at 803; *accord In re Endy,* 104 F.3d at 1157. In other words, if Congress had intended to remove quarterly fees from that "lofty status" as well, it would have included a reference to the fees in § 726(b).

Lastly, subordinating quarterly fees to Chapter 7 administrative expenses does not further Congress's intent for the U.S. Trustee program to be "self-funded, ... paid for by the users of the bankruptcy system." *See In re Ehrman,* 184 B.R. at 365 ("If quarterly fees were subordinated to Chapter 7 administrative expenses, this method of self-funding for the ... Trustee Program would be jeopardized."). Indeed, here, under the minority view, the U.S. Trustee would receive less than 1% of the $1,000 in quarterly fees that the Estate owes.

### CONCLUSION

Accordingly, because the plain language of the statutes and Congress's statutory intent make clear that quarterly fees are not subordinated to Chapter 7 administrative expenses,

IT IS HEREBY ORDERED that the bankruptcy court's Order Awarding Final Allowance of Commissions and Reimbursement of Expenses, dated June 26, 2000, is reversed.

IT IS FURTHER ORDERED that this case is REMANDED to the bankruptcy court for proceedings consistent with this decision.

SO ORDERED.