**In re ATCALL, INC., Debtor.**

**No. 99–16016–RGM.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

March 21, 2002.

Robert O. Tyler, Tyler Bartl Gorman & Ramsdell, PLC, Alexandria, VA, for Debtor.

## MEMORANDUM OPINION

ROBERT G. MAYER, Bankruptcy Judge.

This chapter 7 case raises the issue of the procedure for allowing and paying chapter 11 administrative expenses in cases converted to chapter 7. The chapter 7 trustee's final report proposes to pay all chapter 7 administrative expenses in full and 74.9 percent of the allowed chapter 11 compensation of the debtor's attorney, but does not provide for payment of any other chapter 11 administrative expense. Two claimants, the Missouri Department of Revenue and the Texas Comptroller of Public Accounts, objected to the trustee's final report because their chapter 11 administrative expenses—sales tax incurred while the debtor was operating its business under chapter 11—were not scheduled to be paid. Both had filed requests for payment of their chapter 11 administrative claims. Neither had requested a hearing on its application. Four other taxing authorities also filed requests for payment of administrative expenses but are not scheduled for payment in the trustee's final report. Like Missouri and Texas, none requested a hearing on its request for payment. In addition, the United States Trustee filed a request for payment of unpaid chapter 11 United States Trustee's fees which was also not included in the distribution schedule. No bar date for filing requests for payment or for requesting a hearing was set.

Missouri and Texas assert that they should receive a distribution because they filed a request for payment while the debtor's counsel argues that the requested administrative expenses should not be paid because the requests have not yet been allowed. The court holds that the chapter 7 trustee must review all filed requests for payment and include them in his final report as either to be allowed and paid or to be disallowed.

### The Distribution Scheme in Chapter 7

Distribution of funds in a chapter 7 case is controlled by § 726 of the Bankruptcy Code. It provides that distribution will first be made to "claims of the kind

specified in, and in the order specified in, § 507 of this title." 11 U.S.C. § 726(a)(1). Section 507, in turn, provides priority to certain expenses, fees, charges and claims. The first priority in § 507 is "administrative expenses allowed under § 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28." 11 U.S.C. § 507(a)(1). When, as in this case, there are insufficient funds to pay all priority claims in full, § 726(b) provides that distribution will be "pro rata among claims of the kinds specified in each such particular paragraph." 11 U.S.C. § 726(b). In the event that the case is one that was converted from another chapter, administrative expenses incurred in the chapter 7 proceeding are paid before administrative expenses incurred in a prior chapter. In this case, all chapter 7 administrative expenses will be paid in full, but there are insufficient funds to pay all chapter 11 administrative expenses.

### The United States Trustee's Fees

The United States Trustee filed a request for payment of its fees assessed against the debtor while the case was pending under chapter 11. These fees were not scheduled to be paid in the trustee's final report.[1] The United States Trustee's fees are fees assessed under chapter 123 of title 28 of the United States Code. 28 U.S.C. § 1930(a)(6). They are, therefore, included in § 507(a)(1). However, are the United States Trustee's fees subordinated by § 726(b) to the payment of chapter 7 administrative expenses when there is an administrative insolvency, that is, when all chapter 7 and chapter 11 administrative expenses will not be paid in full?

Most courts that have addressed this question conclude that the United States Trustee's fees are to be paid pro rata with the chapter 7 administrative expenses. *In re Endy,* 104 F.3d 1154, 1157–58 (9th Cir.1997); *Huisinga v. Carter (In re Juhl Enterprises, Inc.),* 921 F.2d 800, 803 (8th Cir.1990); *In re Jonick Deli Corp.,* 263 B.R. 196, 199 (S.D.N.Y.2001); *In re Mary James Inc.,* 225 B.R. 635, 640 (E.D.Mich.1998). They conclude that the United States Trustee's fees are not subordinated to the chapter 7 administrative expenses and not paid pro rata with the chapter 11 administrative expenses. This is significant in this case because there are sufficient funds to pay the chapter 7 administrative expenses and the United States Trustee's fees in full if the United States Trustee's fees are not subordinated by § 726(b). However, if the Trustee's fees are subordinated they would not be paid in full. They would be paid pro rata with the chapter 11 administrative expenses which would increase the distribution to the other chapter 11 administrative expense claimants.

The payment of the United States Trustee's fees and all other fees and charges assessed under chapter 123 of title 28 is determined by the applicability of the subordination exception contained in § 726(b). The applicable language is:

> [I]n a case that has been converted to this chapter under § 1112, 1208 or 1307 of this title, a claim allowed under § 503(b) of this title incurred under this chapter after such conversion has priority over a claim allowed under § 503(b) of this title incurred under any other

---

1. The United States Trustee approved the chapter 7 trustee's final report. It is unclear whether this approval indicates that the trustee's fees have been paid. There is, however, nothing in the file that indicates that the request for payment has been withdrawn or otherwise satisfied.

chapter of this title or under this chapter before such conversion.

The subordination exception applies only to "a claim allowed under § 503(b)." If fees and charges assessed against the estate under chapter 123 are not administrative expenses required to be approved under § 503 then the subordination exception does not apply to them.

Bankruptcy fees are set forth in § 1930 of chapter 123 which is entitled "Fees and Costs." The fees and costs originally included in § 1930 were primarily filing fees and miscellaneous fees established by the Judicial Conference of the United States under 28 U.S.C. § 1914(b). 28 U.S.C. § 1930(b). The United States Trustee's fees were added in 1978 with the introduction of the United States Trustee pilot program. While the fees due to the United States Trustee under § 1930(a)(6) can become significant, there is nothing in the statute or the legislative history to indicate that they are to be treated any differently than other court fees and costs.

If chapter 123 fees and costs were administrative expenses under § 503, they would not have been separately enumerated in § 507(a)(1). They would have been included in the enumeration in § 503(b) which is a non-exclusive list of administrative expenses. Administrative expenses are expenditures that allow a chapter 11 debtor to operate, certain non-debtors to be paid for actions benefitting the estate or for participating in the case, or a chapter 7 trustee to liquidate a bankruptcy estate. Fees and costs are different. They are statutorily imposes fees for certain court services, from filing the petition to making copies of court documents. They are assessed, not allowed. There is no ground for an objection to the fees being imposed and no need for approval. The United States Trustee's fees are as-

sessed against the estate pursuant to 28 U.S.C. § 1930(a)(6).

Section 507(a)(1) speaks of two types of expenditures, administrative expenses which are "allowed" and fees and charges which are "assessed". The exception in § 726(b) subordinates only claims allowed under § 503(b) in the prior chapter. It does not speak of fees and charges assessed against the estate. Consequently, the only claims subordinated under § 726(b) when there is an insufficiency to pay all claims in a particular class, are claims allowed under § 503(b), that is, administrative expenses, and not fees and charges assessed against the estate under chapter 123.

The minority view reaches the contrary result by placing less emphasis on the actual text of § 726(b) and more on the intention presumably incompletely expressed in § 726(b)(2) to pay chapter 7 administrative expenses in preference to chapter 11 administrative expenses. *In re Ehrman,* 171 B.R. 683 (Bankr.D.Ariz. 1994), *rev'd.* 184 B.R. 362 (D.Ariz.1995); *In re Wetmore,* 117 B.R. 201 (Bankr. W.D.Pa.1990). This view places United States Trustee's fees incurred during the pendency of the chapter 11 proceeding on the same footing as all other chapter 11 expenses. It insures that the chapter 7 trustee liquidating the estate will not have to compete for funds with the United States Trustee for fees that arose in the unsuccessful chapter 11 proceeding and, thereby, assures the availability of the maximum amount of funds for the liquidation process. While this policy has appeal, it is not supported by the text of § 726 or the distinction drawn in § 507(a)(1) between administrative expenses on the one hand and fees and charges on the other. Nor are there any cases reporting the subordination of filing fees or other unpaid court fees assessed

during a prior chapter, all of which originate in the same statute as the United States Trustee's fees, 28 U.S.C. § 1930. In this context, the omission of fees and charges assessed against the estate under chapter 123 in the subordination exception of § 726(b) should be seen as deliberately excluding such fees and charges from subordination and favoring the majority view.

### The Requests for Payment

■ The Bankruptcy Code and the Federal Rules of Bankruptcy Procedure set out with great particularity the procedures for filing proofs of claims and the manner in which they are allowed. The same detail is missing for payment of administrative expenses. All that is clear about the processing of administrative expenses is that an entity must file a request for payment of an administrative expense. 11 U.S.C. § 503(a).[2] While Section 503(b) sets out a non-exclusive list of what constitutes an administrative expense, the only provision that relates to the allowance of administrative expenses is the introductory clause which states that "after notice and a hearing, there shall be allowed administrative expenses ..." Section 503(b) and the introductory clause to § 507(a)(1) make clear that the process is commenced with the filing of a request for payment which must be allowed before payment is permitted and that merely filing a request for payment is not sufficient to authorize payment of the administrative expense. The Bankruptcy Rules, however, do not provide any further guidance as to when a hearing must be held or who must or may request a hearing.

■ The rules and procedures for processing claims are designed to permit all creditors to participate in a bankruptcy case in a fair and efficient manner. The same ought to be true of procedures that apply to administrative expenses. Post-petition administrative claimants are entitled to the same fundamental fairness accorded pre-petition creditors. While pre-petition creditors are before the court because of their unpaid claims on the petition date, post-petition administrative creditors often deal with a debtor knowing that the debtor is in bankruptcy. This voluntary conduct does not alter the obligation to treat both fairly. Without willing post-petition creditors, reorganization cases will become much more difficult and probably result in fewer pre-petition creditors being paid. Moreover, all post-petition creditors should be treated in a similar manner in bankruptcy proceedings. In an unsuccessful reorganization case, some chapter 11 administrative expenses are paid in the ordinary course during the chapter 11 portion of the case. 11 U.S.C. § 363(c)(1). Those not paid before the case is converted to chapter 7 must file a request for payment. There should be no difference between those entities that are paid in the ordinary course of the chapter 11 case and those who file a request for payment when the means are available to accomplish payment of all of them.

There are several alternatives available with respect to the unfulfilled notice and hearing requirement. The claimant could be required to obtain approval of the request for payment before the trustee's final report is approved or forfeit its claim. Or, the trustee could include them in his final report either as payments to be made or as objections to the requests. The debtor's attorney prefers placing the burden on the claimant. *See In re Glen Eden Hospital, Inc.,* 172 B.R. 538 (Bankr.

---

**2.** This discussion excludes other possible mechanisms available for payment of administrative expenses where a debtor or trustee is authorized to operate a business. *See,* 11 U.S.C. § 363(c)(1).

E.D.Mich.1994). He argues that the 19–month delay between the filing of the requests for payment and the hearing on the trustee's final report is prejudicial. The debtor's employees are now gone and its books and records are unavailable. Consequently, the attorney is in no position to evaluate or contest the taxing authorities' requests for payment. The silent argument is that the taxing authorities should have set the request for payment for hearing at some time before there was any prejudice, possibly within weeks after the conversion of the case, maybe earlier.

 The attorney's argument of prejudice does not take into account the fact that no bar date was ever established for filing or determining administrative claims. His argument is essentially one of laches. Laches is an equitable defense analogous to a statute of limitations defense in a law action. *Hagan Estates v. New York Min. & Mfg. Co.*, 184 Va. 1064, 37 S.E.2d 75 (1946). Laches generally follows the statute of limitations when no statute of limitations is applicable. *Miller v. Diversified Loan Service Co.*, 181 W.Va. 320, 382 S.E.2d 514, 516 (1989). While the bankruptcy court is a court of equity, in matters of requests for payment timeliness should generally be governed by an established bar date. Proofs of claims are governed by express bar dates and the procedures for proofs of claims and requests for payment should be as similar as possible. Section 503(a) was amended in 1994 to add language dealing with timeliness. It added the word "timely" and the clause dealing with tardily filed requests. This language is so similar to that in § 501 which deals with proofs of claims, that both should be construed similarly, that is, that

a request for payment is timely if filed before an established bar date. Just as there is no bar date for objections to timely filed proofs of claims implied in a bar date for filing proofs of claims, there should be no deadline for obtaining approval of a request for payment absent a separately set deadline.[3] *In re Serugo*, 1994 WL 247286 at *8 (Bankr.E.D.Pa. Feb. 17, 1994). Without a bar date, there is no deadline for filing a request for payment or obtaining an order allowing it. Where no bar date is set, it is not necessary to require the claimant to set the request for payment for hearing if other avenues are available and appropriate.

 Before a request for payment of an administrative expense may be approved, there must be a notice and hearing. *Glen Eden Hospital*, 172 B.R. at 539–40. Notice and hearing is statutorily defined in § 102(1). It does not mean that an actual hearing must be held. An order authorizing an expenditure may be entered after notice of the proposed expenditure, if no objection is filed. Here, no notice was given to any creditor of the request for payment. The question is whether notice is required to be given by the claimant or whether in the absence of notice by the claimant, it may be or is required to be given by the trustee. The applicant certainly has the right to notice a hearing at any time before the expiration of a bar date, if any, including one in conjunction with the trustee's final report. If Missouri and Texas had done so, rather than only objecting to the trustee's final report or in addition to objecting, their requests for payment would have been resolved on the merits of the requests. However, it would not have resolved the remaining four re-

---

3. The attorney's argument also does not acknowledge that he could have objected to the request for payment at any time or that the taxing authorities may be as prejudiced by the delay as is the attorney. In any event, those arguments are more equitable in nature and the deadlines here should, generally, be established by bar dates, not equitable doctrines.

quests for payment that were filed but have been neither allowed nor disallowed. In resolving this issue, it is helpful to examine some of the differences between a proof of claim and a request for payment.

There are differences between requests for payment and proofs of claim. One relates to allowance. A proof of claim is deemed allowed unless a party in interest objects to the claim. 11 U.S.C. § 502(a). A properly filed proof of claim constitutes prima facie evidence of the validity and amount of claim. F.R.Bankr.P. 3001(f). A contingent or unliquidated claim may be estimated under § 502(b) if the fixing or liquidation of the claim would unduly delay the administration of the estate. None of these provisions apply to a request for payment. There is no presumption of validity of a request for payment. *Fullmer v. United States (In re Fullmer)*, 962 F.2d 1463, 1467 (10th Cir. 1992). The burden of proof for the request is on the claimant. *In re Fulwood Enterprises, Inc.*, 149 B.R. 712, 715 (Bankr.M.D.Fla.1993). There is no comparable provision for estimating contingent or unliquidated administrative expenses. In fact, administrative expenses are required to be "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A).[4]

The differences between proofs of claim and requests for payment of administrative expenses do not materially affect the manner in which a chapter 7 trustee exercises his duties. The trustee is required to review proofs of claims only if a purpose would be served. 11 U.S.C. § 704(5). He is not required to object to the allowance of any claim unless the claim is "improper". 11 U.S.C. § 704(5). If a proof of claim appears proper, the trustee may rely on the proof of claim without

further investigation and may properly decide not to object to it because the proof of claim is prima facie evidence of the validity and amount of the claim. The trustee, like any party objecting to a proof of claim bears the initial burden of overcoming the presumption of validity. *In re Williams*, 1994 WL 329328, at *1 (Bankr.S.D.Ga. March 30, 1994). A request for payment does not carry the same presumption.

The trustee may be concerned that if he were required to notice all requests for payment for allowance in his final report, he could be placed in the awkward position of noticing a request for payment for a hearing when he is not satisfied with the validity or amount of the request. However, a trustee is not required to prosecute all requests for payment. If he does not believe that the request for payment constitutes a proper request for payment, he would file an objection. If it appears valid, he is justified in noticing it for a hearing and requesting allowance and payment.

The trustee will make the same analysis of the request for payment as he makes for a proof of claim. There is a difference after the analysis is completed. If the trustee is satisfied with a proof of claim, he does nothing and the claim continues to be allowed. 11 U.S.C. § 502(a). If he is not satisfied with the proof of claim, he must object to the proof of claim. With a request for payment, he must affirmatively notice it for a hearing if it is to be paid, rather than taking no action as with a proof of claim.

If the trustee notices a request for payment for hearing and another creditor objects to the request for payment, the trustee may not avail himself of the favorable presumption of validity. The admin-

---

**4.** This case concerns taxes which are express-ly provided in § 503(b)(1)(B).

istrative claimant will have to come forward and prove his claim. This, though, is almost no different than when one creditor objects to another creditor's proof of claim. While the objecting party must overcome the presumption of validity of the proof of claim, the ultimate burden of proof is on the claimant. *In re C–4 Media Cable South, L.P.*, 150 B.R. 374, 377 (Bankr. E.D.Va.1992). This does not authorize frivolous objections. Objections must be made in good faith. F.R.Bankr.P. 9011. It is not proper for a creditor to object to a request for payment or proof of claim simply to obtain a greater distribution for himself. However, if a good faith objection is made, the trustee may be unable to successfully prosecute it without the cooperation and direct involvement of the claimant. If at that point, the claimant does not come forward or cooperate with the trustee, the request for payment may be denied.

While these differences could affect the manner in which a trustee discharges his duties, the effect is minimal. A trustee would analyze proofs of claim and requests for payment in substantially the same manner. The process after the analysis is completed is different, but not materially so. There is, therefore, no reason to require the claimant to obtain approval of a request for payment where no bar date has been set.

■ It is preferable that the trustee be responsible for reviewing all filed requests for payment that have been neither allowed nor disallowed, making a determination of whether they should be paid or not paid, and noticing them for a hearing or noticing an objection to them for hearing. There is a need for efficiency and organization in administering a bankruptcy case. If all administrative claimants are required to notice their own requests for payment, the court and all parties will be required to

evaluate various requests at different times during the chapter 7 case. It is more efficient and more effective to review them together at the time the final report is before the court. A more comprehensive understanding of the case and the role of the administrative claimants played in the unsuccessful reorganization effort is available at that time. Multiple hearings are avoided. Duplication of efforts and expenses are minimized. The costs to the trustee and to the creditors of attending the multiple hearings is reduced. Judicial resources are conserved.

Until the final report is filed with the clerk, it is not known if there will, in fact, be funds available to pay all classes of creditors and, if so, the amount. If the case were a chapter 7 administrative insolvency, it would be wholly unnecessary and totally counterproductive to resolve requests for payment. The administrative expense creditors, in addition to being disappointed by non-payment of their chapter 11 administrative expenses, would be further disadvantaged by being required to prosecute their worthless requests for payment. Similarly, non-priority pre-petition creditors will not want to become involved in reviewing requests for payments unless they can be assured that they will benefit from their efforts. It is well known that many administrative expenses are relatively modest and that most converted chapter 11 cases have no assets or are administratively insolvent because the most promising assets of the bankruptcy estate are gone before conversion to chapter 7. The chapter 7 trustee will not want to expend his scarce resources until he knows that some purpose will be served by reviewing the requests for payment, that is, that there are funds available for payment of the chapter 11 administrative claimants.

Where no administrative claim bar date has been set, it is in the interests of fair-

ness and justice that the trustee notice for hearing all requests for payment not already allowed or object to them. It is the most efficient method of assuring that all creditors are treated fairly without imposing unnecessary costs. It assures that creditors who assisted in the reorganization effort and placed their claims before the court are treated fairly and not simply ignored.

### Conclusion

The chapter 7 trustee should, in addition to reviewing proofs of claim, also review all requests for payment of administrative expenses which have been neither allowed nor disallowed. If the claimant has not noticed the request for a hearing, the trustee must include it in his final report. He must expressly state whether he is requesting that it be paid or whether he objects to it being paid. This will constitute notice and hearing required by § 503(b) or notice of the objection to the request for payment. The ultimate burden of proof, however, remains on the applicant. In this way, all filed claims—whether pre-petition claims presented by proofs of claims or post-petition administrative expense presented by requests for payment—will be reviewed and, where appropriate, paid.

The trustee should amend his final report to reflect all requests for payment of administrative expenses and his recommendation of payment or non-payment of them. He should also amend the report to address the payment of the United States Trustee's fees.